MOSS v MOSS

1. DIVORCE—ALIMONY—DISCRETION—STATUTES.

    An award of alimony is discretionary and should be based on the ability of either party to earn, the character and situation of the parties, and all the other circumstances of the case (MCLA 552.23[1]; MSA 25.103[1]).

2. DIVORCE—ALIMONY—FACTORS—FINANCIAL SITUATION—STATUTES.

    The financial situation of the parties is a principal, but not the exclusive or controlling factor, in awarding alimony in divorce actions (MCLA 552.23[1]; MSA 25.103[1]).

3. APPEAL AND ERROR—DIVORCE—ALIMONY—MODIFYING ALIMONY AWARDS.

    The Court of Appeals will not modify an alimony award in a divorce action unless convinced that it would have reached a different result had it occupied the position of the trial court.

Appeal from Oakland, Arthur E. Moore, J. Submitted October 18, 1977, at Detroit. (Docket No. 31478.) Decided January 9, 1978. Leave to appeal applied for.

Complaint by Lee A. Moss against Susan J. Moss for divorce. Counterclaim by defendant against plaintiff. Divorce granted on defendant's counterclaim. Plaintiff appeals. Defendant cross-appeals. Judgment affirmed with a modification of the alimony award.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 24 Am Jur 2d, Divorce and Separation §§ 601, 602, 626 *et seq.*

Allowance of permanent alimony to wife against whom divorce is granted. 34 ALR2d 313.

Excessiveness of amount of money awarded as permanent alimony where divorce is or has been granted. 1 ALR3d 6.

[3] 24 Am Jur 2d, Divorce and Separation §§ 667, 674.

Divorce: power of court to modify decree for alimony or support of spouse which was based on agreement of parties. 61 ALR3d 521.

*Wilson, Portnoy, Basso & Leader, P. C.,* for plaintiff.

*Dan T. Ryan,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

PER CURIAM. This case presents the not uncommon situation of a wife who, having worked so that her husband could obtain a professional education, finds herself left by the roadside before the fruits of that education can be harvested.

The parties were married for seven years but, because of the husband's military service and several separations, lived together for only approximately four years. During this time the husband obtained a medical degree and is presently in a surgical residency in Maryland. The wife has worked as a guidance counselor in public schools during the marriage and continues in that employment. At the time of the judgment and for the next few years, the wife's income will exceed the husband's.

The trial court granted the wife's counter complaint for divorce.[1] There were no substantial assets acquired during the marriage, a result in part from the cost of the husband's education. In lieu of a property settlement, the trial court awarded the wife $15,000 alimony in gross to be made in three payments beginning six months after the judg-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Before trial the lower court held the "no-fault" divorce statute, MCLA 552.6; MSA 25.86, was unconstitutional. The divorce was granted to the wife on a finding that the husband was guilty of "relationships with other women". No issue as to the constitutionality of the statute has been raised on appeal. *But see, Cowsert v Cowsert,* 78 Mich App 129; 259 NW2d 393 (1977), finding the statute constitutional.

ment was entered. The trial court deemed this an equitable adjustment of the parties' interests. Both parties appeal. The husband claims that an award of alimony where his wife's current earnings are greater than his own is an abuse of discretion. The wife claims the award should be raised to $60,000 to reflect her efforts in the husband's acquisition of an M.D. degree.

An award of alimony is discretionary and should be based on "the ability of either party [to earn] and the character and situation of the parties, and all the other circumstances of the case".[2]

Under the statute, the financial situation of the parties is a principal, but not an exclusive or controlling factor.

We are not convinced we would have reached a different result had we occupied the position of the trial court. *Schilleman v Schilleman,* 61 Mich App 446; 232 NW2d 737 (1975), *lv den,* 395 Mich 769 (1975). It was impossible to award the wife a portion of the husband's medical degree, the only substantial asset acquired during coverture. An award of $15,000 fairly represents the wife's contribution to the acquisition of that asset, financial and otherwise.

We do think, however, that it is inequitable for the husband to be required to make the payments ordered by the trial court while still pursuing his medical training. We therefore modify the judgment to require payment of $2,000 plus interest per year while his residency continues and the balance to be paid within one year after his residency is completed.

The balance of the trial court's judgment is affirmed.

[2] MCLA 552.23(1); MSA 25.103(1).