In Re MARRIAGE OF Patrick J. McMANAMA, Appellant,

and

Gertrude Figura McManama, Appellee.

No. 280S24.

Supreme Court of Indiana.

Feb. 4, 1980.

Patrick J. McManama, pro se.

Jeanne J. Swartz, South Bend, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals by Respondent-Appellant, Patrick J. McManama.

Petitioner Patrick J. McManama was respondent in the trial court in a cause of action for dissolution of marriage brought by Gertrude Figura McManama. The sole issue raised in the appeal was whether the trial court erred in awarding Gertrude thirty-six hundred dollars ($3600) in furtherance of the property settlement. The facts showed, without dispute, that both of the parties pursued higher education during their marriage, as well as contributing to the income in the home. Appellee wife performed the homemaking duties as well as contributing a larger share of the income, particularly in the last year of the marriage when the parties moved from Connecticut to South Bend, Indiana. At that time they had six thousand dollars ($6,000) in savings. During that last year, appellee-wife earned fourteen thousand seven-hundred and eighty-five dollars ($14,-785) and appellant-husband went to law

school full time, contributing only twelve-hundred and fifty dollars ($1,250) of income. At the time of the separation on August 12, 1976, the only remaining amount in the six-thousand dollar savings account was ninety-six dollars ($96) which was retained by appellant-husband, Patrick. Payments for tuition and books for law school for Patrick amounted to thirty-two hundred dollars ($3,200) and a past due bill for Patrick's tuition while in Connecticut was also paid after they came to South Bend.

The trial court distributed the property of the parties by granting sole ownership, possession and use of the real estate owned by them to appellee-wife, together with any equity and ordering her to hold the husband harmless as to the presently existing mortgage obligation. All personal property was divided between the parties and the husband was held to be responsible for certain remaining financial liabilities of the parties which totalled one-thousand and eighty dollars ($1,080).

The court then made the following entry in its judgment: "In furtherance of this property disposition, and in recognition of the Wife's contribution as a homemaker, as well as her contribution, by way of employment, to the satisfaction of liabilities during the course of the marriage, and contributions toward the legal education of the Husband, the Wife is awarded a judgment against the Husband, in the amount of Three Thousand Six Hundred ($3,600.00) Dollars, to be paid in installments of One Hundred ($100.00) Dollars per month, first payment September 1, 1978, and subsequent payments to be made on the first of each month thereafter until paid in full."

The Court of Appeals, Third District, in an opinion by Hoffman, J., with Chipman, P. J., concurring, affirmed the decision of the trial court. *In Re Marriage of McManama,* (1979) Ind.App., 386 N.E.2d 953.

Appellant-petitioner contends in his petition to transfer that the trial court erred in awarding Gertrude thirty-six hundred ($3,600) as part of the property settlement. Relying on *Wilcox v. Wilcox,* (1977) Ind.

App., 365 N.E.2d 792, he claims that any award over the value of the marital assets must represent some form of maintenance and since there was no showing of physical or mental incapacitation of appellee-wife pursuant to Ind.Code § 31–1–11.5–9(c) (1977 Burns Supp.) the court had no power or authority to make the award. We agree with petitioner-appellant's contention and accordingly vacate the opinion of the Court of Appeals.

The statute providing for disposition of marital assets by the trial court in effect at that time was Ind.Code § 31–1–11.5–11 (Burns Supp.1977) (amended 1979) which read as follows:

"Disposition of property.—In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the

court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

In 1979, Ind.Code § 31–1–11.5–11 was amended and subsection (b) was added which reads as follows:

(b) When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the existing property. However, this award may be made only for the financial contribution of one [1] spouse toward tuition, books, and laboratory fees for the higher education of the other spouse.

However, this subsection was not in effect at the time of this order of August 5, 1977, and cannot apply here.

■■ The trial court and the Court of Appeals apparently interpreted section (d) of Ind.Code § 31–1–11.5–11 (Burns Supp. 1977) quoted above to authorize the trial court to repay an aggrieved party in a dissolution judgment for property that had been dissipated by the other partner. This is a misinterpretation of that section. The statute clearly sets out factors the court is to use in determining what is a just and reasonable distribution of the property owned by the parties at the time of dissolution. Section (d) was one of the factors the court was to use in making a distribution of the parties' property. In interpreting this statute, the First District Court of Appeals in *Wilcox v. Wilcox, supra,* held that the factors set out in the statute can only affect the marital assets in which a vested present interest exists at the time of the dissolution, and do not lend themselves to the interpretation that future income is property and therefore divisible. The thirty-six hundred dollar ($3,600) award to the wife is above the total value of the marital assets as shown by the evidence at trial. It is apparent in the judgment of the trial court that

this amount would be paid as an award of the husband's future income. The only way the trial court could have given any additional amounts to the wife at that time, would have been by way of an award of either support or maintenance pursuant to other sections of the statute which authorize the court to do so when there is evidence that the wife is physically or mentally incapacitated. There is no evidence in this cause, nor any finding by the trial court in its judgment, that the wife was physically or mentally incapacitated to the extent that her ability to support herself was materially affected. In fact, the evidence was to the contrary.

Therefore, transfer is granted and the opinions of the Court of Appeals are vacated. The judgment of the trial court is reversed to the extent that it awarded the appellee-wife judgment for thirty-six hundred dollars ($3,600) from the appellant-husband's future income and above the total value of the marital assets. The judgment is ordered amended accordingly.

GIVAN, C. J., DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., dissents with separate opinion.

HUNTER, Justice, dissenting.

I respectfully dissent. The majority opinion has too narrowly construed the plain meaning of the statute, Ind.Code § 31–1–11.5–11 (Burns Supp.1977) in refusing to find that a professional degree is an intangible asset and therefore part of the marital property. The fact is that the law degree obtained by the husband in this case is *something of value* in which he had a present vested interest at the time of the dissolution and which was obtained as a result of the efforts and sacrifices of both parties. To flatly refuse to find any sort of protected property interest in the degree under the present circumstances would denigrate the very concept of equity.

It is true that a professional degree lacks many of the attributes of tangible property. It does not have an exchange value on the

open market, and since it is personal to the holder, it cannot be inherited, assigned, sold, transferred, or conveyed. However, many courts have found that intangible and nontransferable items should be treated as property for some purposes. As Justice Marshall of the United States Supreme Court has said:

"The decisions of this Court have given constitutional recognition to the fact that in our complex modern society, wealth and property take many forms. We have said that property interests requiring constitutional protection 'extend well beyond actual ownership of real estate, chattels, or money.'" *Arnett v. Kennedy*, (1974) 416 U.S. 134, 207–08, 94 S.Ct. 1633, 1670–71, 40 L.Ed.2d 15, 64 [footnotes and citation omitted].

It was further noted:

". . . today more and more of our wealth takes the form of rights or status rather than of tangible goods. . . . A profession or job is frequently far more valuable than a house or bank account, . . . ." *Arnett v. Kennedy, supra,* 416 U.S. at 207, n. 2, 94 S.Ct. at 1670, n. 2, 40 L.Ed.2d at 64, n. 2.

The United States Supreme Court has found that there is a property interest for constitutional purposes in such items as tenured federal employment, *Arnett v. Kennedy, supra;* welfare benefits, *Goldberg v. Kelly,* (1970) 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; and possession of a driver's license, *Bell v. Burson,* (1971) 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. Other courts have divided such items as pension benefits, *McGrew v. McGrew,* (1977) 151 N.J.Super. 515, 377 A.2d 697; *Hutchins v. Hutchins,* (1976) 71 Mich.App. 361, 248 N.W.2d 272, and goodwill, *In re Marriage of Lopez,* (1974) 38 Cal.App.3d 93, 113 Cal.Rptr. 58. In our own state, it has been held that an interest in a profit-sharing pension plan which was held solely in the name of *one* spouse was an asset to be taken into consideration by the court in determining the amount of the award in a property settlement. *Stigall v. Stigall,* (1972) 151 Ind.App. 26, 277 N.E.2d 802.

The majority overly narrows the statute by concluding that a professional degree cannot be considered as "property." It is clear that the statute speaks about the division of "marital property" without any attempt to define what property that includes. In fact, it has been expressly stated that ". . . no guidance is given as to precisely what constitutes 'property' within the meaning of the statute." *Savage v. Savage,* (1978) Ind.App., 374 N.E.2d 536, 538. The majority turns to cases dealing with future interests for guidance and concludes that there must be a vested present interest in an item before it can come within the ambit of "property of the parties." Ind.Code § 31–1–11.5–11; *Savage v. Savage, supra, Wilcox v. Wilcox,* (1977) Ind. App., 365 N.E.2d 792. I feel it is clear that the holder of the degree has a present vested interest in the professional degree and only one party must have the present vested interest in the item before it is considered an asset. *Stigall v. Stigall, supra.*

This degree is an intangible asset which was in the nature of an equitable debt extended and expended by the wife to the husband during coverture and the trial court was correct in considering it as an asset in making the division of property.

It is not necessary to consider future earnings in order to determine the value of the degree as an asset. The economic reality is clear that the degree was acquired through the expenditure of time and money on the part of both parties. Had the money spent for the degree bought tangible goods there is no doubt that the trial court had power to divide those goods. There is no reason that the court cannot look to the amount of money expended in achieving the degree and use that as a basis for determining its present value as a marital asset.

In fact, it is very reasonable for courts of equity to have the power to find that since a professional degree is an asset it must be taken into consideration in fashioning a full and just relief for both parties. Nothing in the statute or our prior case law prevents this result in this case. There is no award of maintenance here since the monetary

award is based entirely on a division of marital property.

The majority concludes that the monetary award here must be a distribution of the husband's future income and that this is improper since there is no present vested interest in the future income. However, I feel the trial court correctly considered previously expended and dissipated assets in fashioning a division of present assets in this case, since the statute clearly provided that the conduct of the parties could be considered. If a tangible item had been purchased with the expended assets of one party, the court could order it to be sold in order to fairly divide its value between the parties. Since the degree could not be divided, the court fashioned equitable relief through a monetary award repaying the wife for her share in the acquisition of the asset. This is not an award of future income based upon a right of the wife in that income, or an enlargement of the marital estate beyond that property in which the parties maintain a present vested interest, but is a repayment of expended assets which is entirely proper for a court of equity to order.

In order to prevent an inequitable result under these circumstances, some monetary award must be made. To deny that the degree is part of the marital assets in this case, is to give one spouse a windfall of contribution to his or her increased earning capacity while penalizing the other spouse for being a "breadwinner." Courts in several states have found that some monetary award must be made to the working spouse under similar situations although these awards have been upheld on a variety of theories. *In re Marriage of Horstmann,* (Iowa 1978) 263 N.W.2d 885; *Inman v. Inman,* (Ky.Ct.App.1979) 578 S.W.2d 266; *Moss v. Moss,* (1978) 80 Mich.App. 693, 264 N.W.2d 97; *Daniels v. Daniels,* (1961) Ohio App., 20 Ohio Op.2d 458, 185 N.E.2d 773.

The trial court was correct in the instant case in determining that the degree was a marital asset and fashioned a just and equitable relief in the form of a monetary award to the party who was unjustly de-

prived of a present share in that asset. The intent of the legislature in this area has been made clear in the new code and this code *expressly* approves the relief granted by the trial court in this case.

I would deny transfer and affirm the trial court.