In re the MARRIAGE OF Joel Preston SLOSS, Respondent–Appellant,

and

Shirley Smith Sloss, Petitioner–Appellee.

No. 07A01–8710–CV–00245.

Court of Appeals of Indiana, First District.

Aug. 11, 1988.

Thomas A. Fara, Fara & Palguta, Gale M. Phelps, Indianapolis, for respondent-appellant.

Patricia A. Douglass, Epstein & Farisch, Indianapolis, for petitioner-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Joel Sloss appeals from the Brown Circuit Court's judgment of dissolution and property division. We affirm and remand for a modification of the judgment.

## FACTS

In 1980, Shirley Smith's first husband of a seventeen (17) year marriage died leaving a gross testamentary estate of $1.1 million. After taxes and debts, Shirley inherited a net amount of approximately $600,000. In late April of 1981, Shirley met Joel Sloss at a singles dance. One week later, on April 30, 1981, Joel and Shirley were married in Las Vegas. Joel, thereafter, managed and controlled all of Shirley's assets and financial affairs. In March of 1984, Shirley filed a petition for dissolution in the Brown Cir-

cuit Court. However, Joel and Shirley reconciled, and the petition was dismissed for lack of prosecution. The reconciliation failed to thrive and on August 1, 1986, Shirley and Joel separated. On September 24, 1986, Shirley reinstated successfully her petition for dissolution.

On May 7, 1987, the trial court held a dissolution hearing. Thereafter, all matters were taken under advisement, and on June 22, 1987, the trial court entered Findings of Fact, Conclusions of Law, and a Judgment of dissolution and property division. The trial court determined that over the course of the marriage Joel dissipated the marital assets such that $600,000 in assets was reduced to a net liability of $70,000. The trial court further determined that between the date of the final separation and the dissolution hearing Joel dissipated over $100,000 of marital assets. Based on these and other findings and conclusions the trial court entered a judgment of dissolution and property division, as follows:

### "JUDGMENT

"Findings of Fact, having been made, and Conclusions of Law, having heretofore been entered, the Court now enters Judgment as follows:

1. That the marriage of the parties is now dissolved.

2. That the Petitioner shall take all right, title, and interest including equities, on all real properties listed on Exhibit 'B' attached to this entry.

3. That Petitioner shall take a judgment against Respondent in the amount of $103,509 which judgment shall be paid at the rate of $800.00 per month until paid in full.

4. That the Respondent is hereby Ordered to pay any tax liability on any unfiled returns and to indemnify and hold harmless Petitioner from and against any liability on any of said unfiled Federal or State tax returns.

5. That respondent is Ordered to pay attorney for Petitioner, Robert D. Epstein, the sum of $3,500.00 within ninety

(90) days for and as additional attorney fees.

All of which is ORDERED this 22 day of June, 1987." Record at 245. Joel appeals from this judgment.

### ISSUES

Sloss presents twelve (12) issues for review which we condense and rephrase into the following three (3) issues:

1. Whether the trial court abused its discretion by distributing to the Wife all real properties and a money judgment against the Husband, because the property division:

(a) exceeded the value of the marital estate;

(b) amounted to an award of maintenance;

(c) awarded property that was either consumed by both parties during the marriage or disposed of in real estate foreclosure proceedings;

(d) was unfair and unreasonable;

(e) was not supported by the evidence;

(f) awarded property obtained after the final separation;

(g) failed to indicate the net value of the distributed liabilities;

(h) compensated the wife for marital assets that were dissipated after the final separation;

(i) was based upon tort liability principles?

2. Whether the trial court erred by failing to divide the personal property in its judgment?

3. Whether the trial court abused its discretion by ordering the Husband to pay $3,500 of the Wife's attorney fees?

### DISCUSSION AND DECISION

*Issue One*

 Joel challenges the trial court's property division on several grounds. An appeal from a property division judgment is subject to a strict standard of review. Absent an abuse of discretion we will not reverse the trial court's decision. Thus, Joel must establish that the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court. *Lay v. Lay* (1987), Ind.App., 512 N.E.2d 1120, 1122; *Schnarr v. Schnarr* (1986), Ind.App., 491 N.E. 2d 561, 563. Furthermore, although the trial court must divide the marital property justly and reasonably after considering the statutory factors in Indiana Code section 31-1-11.5-11, absent a clear showing to the contrary, we presume the trial court properly considered and applied all applicable factors. *Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278, 1292-93. One of the factors the trial court may consider is the extent of dissipation of the marital estate. Ind.Code § 31-1-11.5-11(c)(4); *In re Marriage of McManama* (1980), 272 Ind. 483, 486-87, 399 N.E.2d 371, 373; 24 Am.Jur.2d *Divorce and Separation* § 929 (1983). In addition, as part of the property division order, the trial court has the discretion to require one spouse to pay the other a sum of money in gross or in cash installments. I.C. § 31-1-11.5-11(b)(2); *Wells v. Wells* (1986), Ind.App., 489 N.E.2d 972, 975-76. However, a property division under this section cannot exceed the value of the marital assets without being considered an improper form of maintenance and an abuse of discretion. *In re Marriage of Buntin* (1986), Ind.App., 496 N.E.2d 1351, 1354, *trans. denied; Wells*, 489 N.E.2d at 976.

 Joel first attempts to establish an abuse of discretion by arguing that the trial court distributed property in excess of the value of the marital estate. Joel bases this argument upon the assumption that the trial court valued the marital estate on the date of the final hearing. This assumption fails to provide the necessary foundational support for Joel's argument, but rather creates the lacuna which engulfs this argument and several others. No finding of fact or conclusion of law specifically indicated the property division valuation date. Also, the law does not require use of the dissolution date. The trial court may use any date between the final separation and the date of dissolution as the valuation date. *Eyler v. Eyler* (1986), Ind., 492

N.E.2d 1071, 1074. Although the trial court valued the marital estate on the date of dissolution, the trial court also valued the marital estate on several other dates. The findings which indicate these valuations merely indicate the extent to which Joel dissipated the marital assets. The trial court's findings indicate that the marital estate had at least $600,000 of assets at the beginning of the marriage, assets of approximately $125,000 at the time of the final separation, and assets of approximately $21,000 at the time of dissolution. The findings indicated also that the marital estate's value was reduced by Joel to a net liability of $70,000 by the date of dissolution. Since the trial court could have used any date between the date of final separation and the date of dissolution, and since on the date of separation the marital assets equalled or exceeded the amount distributed to Shirley, we find no abuse of discretion.

Joel's second contention argues that the trial court's money judgment amounted to an award of maintenance because the judgment exceeded the value of the marital estate. Our rejection of Joel's assumption that the trial court used the dissolution date as the property division valuation date also disposes of this argument. The amount of marital property distributed to Shirley did not exceed the value of the marital estate on the date of the final separation. Therefore, the judgment was not an award of maintenance.

■ Joel suggests next that the trial court erred by finding he dissipated the marital estate. Joel argues that the marital assets were consumed either by both parties during the marriage or in foreclosure proceedings. This argument requests us to reweigh the evidence. This task we will not undertake.

Joel argues also that the property division was unjust and unreasonable. Joel concedes that a trial court does not have to divide property equally and will be reversed only for an abuse of discretion.

*Luedke v. Luedke* (1985), Ind., 487 N.E.2d 133, 134.[1] However, Joel contends that the trial court's division of property which left Shirley with net assets of $32,575.96 and Joel with a net liability of $103,509 was unjust and unreasonable, because the trial court failed to consider all relevant factors. We disagree.

Our review of the trial court's findings of fact and conclusions of law, and the evidence in the record indicates that the trial court considered all relevant factors and ordered a just and reasonable property division. The findings and conclusions indicate that Shirley contributed over $600,000 to the beginning of the marriage, while Joel contributed only $600. The record and findings indicate also that Joel dissipated this marital estate to the detriment of Shirley such that at the time of the dissolution hearing a net liability of $70,000 resulted. The findings indicated also that at the time of the hearing Shirley had little present and future earning capacity, while Joel had a comparatively substantial current and future earning capacity based upon his military salary of $38,000 per year. Based upon these considerations and upon the trial court's clear determination that Joel dissipated the marital estate both before and after the date of separation, we cannot say that the trial court abused its discretion by awarding Shirley the assets that existed on the date of the dissolution hearing and a money judgment that reflected the assets Joel dissipated from the marital estate after the date of final separation.

Joel argues also that the property division was not supported by the evidence. This argument fails. The trial court's decision as to property division is reviewable only for an abuse of discretion. Under this standard we have already determined that the property division was just and reasonable and that the trial court did not abuse its discretion.

■ Joel argues next that the trial court erred by awarding Shirley property that was obtained after the date the petition for

1. This court notes that Indiana Code section 31–1–11.5–11(c) was amended to provide that an equal division of the marital property is pre-

sumed to be just and reasonable. However, this amendment does not apply to actions filed before September 1, 1987, as was the present case.

dissolution was filed. Joel suggests that only property obtained prior to the date a petition for dissolution is filed may be divided by the court. Joel is mistaken. I.C. § 31–1–11.5–11(b) provides, in part, as follows:

"(b) In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, *or acquired by their joint efforts,* in a just and reasonable manner."

(Our emphasis.) Joel correctly notes that the property in question was acquired after the original petition for dissolution. However, Joel fails to recognize that the property was acquired jointly during a reconciliation. Since the property was acquired jointly the trial court did not err by including this property in the division.

 Joel argues also that the trial court erred by failing to balance or net the liabilities distributed to Shirley. Joel suggests that the trial court's valuation of the liabilities distributed to Shirley reflected an improper value because the equity of the assets was not deducted from the debt. Joel's argument is meritless. The trial court is not required to calculate the net liability when making a property distribution. The only requirement of distribution of assets and liabilities is one of reasonableness. *Finley v. Finley* (1981), Ind. App., 422 N.E.2d 289, 295, *trans. denied.* We determined previously that the trial court's division was just and reasonable.

 Joel argues next that the property division improperly compensated Shirley for marital assets dissipated after the final separation. Joel argues that although evidence was presented to establish post-separation dissipation, the trial court considered this evidence improperly. Joel's argument fails. The trial court must consider both pre- and post-separation dissipation. *Planert v. Planert* (1985), Ind.App., 478 N.E.2d 1251, 1254; *Melnik v. Melnik* (1980), Ind.App., 413 N.E.2d 969, 973. The

failure to examine post-separation dissipation "could encourage parties to secrete, conceal or otherwise divest themselves of certain properties during the period between separation and divorce so as to distort the true nature and value of marital property." *Eppley v. Eppley* (1976), 168 Ind.App. 59, 67, 341 N.E.2d 212, 218. Furthermore, while a trial court may not compensate a party for pre-separation dissipation, *Marriage of McManama,* 272 Ind. at 486–87, 399 N.E.2d at 373, if the marital estate is dissipated after the date the trial court uses for valuation, then compensation can be ordered by the trial court to replace the amount dissipated. *See e.g., Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 Ohio Ops.3d 296, 432 N.E.2d 183 (trial court properly based property division award on the value of a joint savings account at time of permanent separation where parties accumulated savings during marriage and husband dissipated the joint savings account for his own use between the date of the permanent separation and the date of the final decree). Otherwise, as indicated in *Eppley,* the parties would be tempted to divest property and distort the true value of the marital estate. Therefore, we find no error under this argument.

Joel's last challenge to the trial court's property division suggests that the trial court's division was unjust and unreasonable because it awarded Shirley damages for property that had been consumed during the marriage, and was based upon principles of tort liability. We disagree. As stated previously, the trial court acted within its discretion by awarding a property division based upon the value of the marital estate as calculated from the date of final separation. Furthermore, the fact that this division required replacement of post-separation dissipated assets does not make the property division a tort judgment. Therefore, the trial court's property division is upheld.

*Issue Two*

 Joel argues next that the trial court erred by failing to divide the personal property in its judgment. Joel argues that under I.C. § 31–1–11.5–11 the trial court

must divide all the marital property in order to put to rest all property rights in the decree. We agree with Joel's general statement of the law, and his contention that the trial court failed to include this property in the judgment. However, when a trial court's error does not substantially prejudice a party reversal is not warranted. Indiana Rules of Procedure, Trial Rule 61; *Dean v. Dean* (1982), Ind.App., 439 N.E.2d 1378, 1384.

In the present case, the trial court clearly considered and believed that the personal property in the marital estate had been divided. Although the judgment does not reflect a division of this personal property, conclusion of law No. 15 states, "that the personal property of the parties have [sic] been divided and that each party shall keep all personal property of the marriage now in his or her possession." Record at 244. However, to dispel any conflict and under our authority as provided for in Appellate Rule 15(N), we order the trial court to modify the judgment to reflect this disposition of personal property.

*Issue Three*

Joel argues last that the trial court abused its discretion by awarding Shirley $3500 in attorney fees. Joel suggests that the trial court failed to consider all relevant factors. Joel is mistaken. The record reflects that the trial court was well aware of and considered the length of the marriage, the parties' economic circumstances, the time reasonably spent on the case, the possibility of appeal, the reasonableness of the hourly rate, and the impact of the judgment on the parties. We find no error in the trial court's award of attorney fees.

Affirmed and remanded for modification of the judgment.

NEAL and STATON, JJ., concur.