**Scott D. PITMAN, Appellant–Respondent,**

v.

**Joellen PITMAN, Appellee–Petitioner.**

No. 18A02–9903–CV–180.

Court of Appeals of Indiana.

Dec. 15, 1999.

John H. Brooke, Casey D. Cloyd, Muncie, Indiana, Attorneys for Appellee.

Chris M. Teagle, Muncie, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge ·

Scott D. Pitman ("Husband") appeals the trial court's judgment dividing the marital estate from his marriage to Joellen Pitman ("Wife"). Husband raises two issues for our review, which we restate as:

1) whether the trial court erred when it found that Husband had transferred a valuable marital asset for inadequate consideration prior to the filing

of the dissolution petition in order to deprive Wife of her interest in it; and

2) whether the trial court erred when it granted Wife a monetary judgment against Husband to compensate her for Husband's improper transfer of the parties' shares of stock prior to her filing for divorce.

We affirm in part and reverse in part.

The undisputed facts follow. The parties were married in 1990. The marriage produced a son, born in 1991, and Husband adopted Wife's daughter, who was born prior to the marriage. During the parties' marriage, Husband was employed by his family's business, S.D.P. Manufacturing, Inc. ("S.D.P."). Husband, his sister Selena Hall, his brothers, his parents and others each owned a share of stock in the corporation dating from when the corporation was formed. Husband later acquired a second share of S.D.P. stock.

The parties' marriage had been marked by discord from the beginning. At one point, Wife told Husband she was going to stay married to him until the children turned eighteen, and then she would file for divorce. In October 1996, the parties had a physical altercation, and Wife had to seek medical attention for injuries. Later that same month, Husband transferred the two shares of S.D.P. stock, each for one dollar, to his sister Selena Hall and to her husband, Drury Hall. However, the transfer was not final until S.D.P.'s Board of Directors met in December of 1996 and approved the sale.

Wife filed a petition to dissolve the marriage on January 29, 1997, and Husband filed a cross petition on May 20, 1997. On December 10, 1998, a final hearing was held, at which the parties resolved by stipulation the issues of child custody, child support and visitation. The parties also agreed by stipulation upon the division of the majority of their real and personal property. The only remaining point of contention was the disposition of the two shares of S.D.P. stock. After the hearing, the trial court issued an order containing findings of fact and conclusions of law that provided, in relevant part:

"That eight (8) shares of stock were issued to family members, two of which shares were issued to [Husband] in 1991 or 1992, thus becoming property acquired during the marriage of the parties.

14. That respondent transferred these shares in late 1996....

* * * * *

17. That the transfer of two shares of S.D.P. Manufacturing, Inc. to [Husband's] sister and brother-in-law for the sum of One Dollar ($1.00) in close proximity to the filing of the dissolution petition was an effort by [Husband] to transfer a valuable asset for a totally inadequate consideration for the purpose of defeating any interest [Wife] might have in the marital property.

18. That to equalize the division of marital property, [Wife] should receive a judgment in the amount of One Hundred Thousand Dollars ($100,000.00), together with interest thereon at the statutory rate, which includes her equity in the real estate...."

Record, p. 22.

When reviewing the trial court's findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Scott v. Scott*, 668 N.E.2d 691, 695 (Ind.Ct. App.1996). First, we consider whether the evidence supports the findings. In determining whether findings are clearly erroneous, we construe the findings liberally in support of the judgment. *Id.* The findings are clearly erroneous only when a review of the record leaves us firmly convinced a mistake has been made. *Id.* Next, we determine whether the findings support the judgment. A judgment is clearly erroneous when unsupported by the findings of fact and conclusions thereon. *Id.* In applying this standard, we neither reweigh

the evidence nor judge the credibility of the witnesses. *Id.* Rather, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* Finally, we must affirm the judgment of the trial court unless the evidence points incontrovertibly to the opposite conclusion. *Id.* Where, as here, the trial court enters findings sua sponte, those findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *Yanoff v. Muncy,* 688 N.E.2d 1259, 1262 (Ind.1997). "A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence." *Mullin v. Mullin,* 634 N.E.2d 1340, 1341 (Ind. Ct.App.1994).

## I.

■■■ The first issue is whether the trial court properly found that Husband had transferred a valuable marital asset for inadequate consideration prior to the filing of the dissolution petition in order to deprive Wife of her interest in it. The statute that governs division of marital assets provides, in pertinent part:

"Sec. 5. The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

\* \* \* \* \*

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property."

Ind.Code § 31–15–7–5. In reviewing a trial court's division of marital property, we presume that the trial court correctly divided the property and will reverse only where the result reached is clearly against the logic and circumstances before the court. *Smith v. Smith,* 676 N.E.2d 388,

390 (Ind.Ct.App.1997). The party ·challenging the trial court's division of marital assets is charged with overcoming the presumption that the court considered all of the evidence and properly applied the statute. *Id.* Subject to the statutory presumption that an equal distribution of assets is just and reasonable, the division of marital property is committed to the sound discretion of the trial court. *In re Marriage of Coyle,* 671 N.E.2d 938, 942 (Ind.Ct.App. 1996). On review, we may not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition of marital property. *Id.*

■■■ Wife argues that the trial court's findings and conclusions in regard to the transfer of the shares are correct because Husband wrongfully dissipated or disposed of the shares of stock. Waste and misuse are the hallmarks of dissipation. *Coyle,* 671 N.E.2d at 943. Dissipation generally involves the use or diminution of the marital estate for a purpose unrelated to the marriage and does not include the use of marital property to meet routine financial obligations. *Id.* However, the party claiming dissipation must show something more substantial than that the transaction was disputed at the time or that the transaction appears in retrospect to have been unwise. *Id.* at 943–944. Factors to consider in analyzing whether dissipation of marital assets has occurred include:

"1) whether the expenditure benefited the marital enterprise or was made for a purpose entirely unrelated to the marriage;

2) whether the transaction was remote in time and effect or occurred just prior to the filing of a divorce petition;

3) whether the expenditure was excessive or de minimis; and

4) whether the dissipating party had the intent to hide, deplete or divert the marital asset."

■ *Id.* at 943. The disposition of marital property is a separate issue; it refers not to transfers or transactions that are wasteful, foolish or frivolous but to those that are unusual or out of the ordinary. *Id.* at 944.

■ Applying the elements of dissipation to the instant case, we hold that there is sufficient evidence in the record to support the trial court's conclusion that Husband had sold his shares of stock to avoid their inclusion in the marital estate, thereby dissipating marital assets. Even accepting Husband's contention that he sold his shares of stock to avoid becoming entangled in the management of S.D.P. and to help him get over the death of his mother, both of those motivations are wholly personal in nature and unrelated to the parties' marriage. *See In re Marriage of Bartley,* 712 N.E.2d 537, 543–544 (Ind. Ct.App.1999) (affirming trial court's finding that husband had dissipated marital assets where husband spent income on personal investments and gambling). Furthermore, Husband transferred his shares of stock to his family in October 1996, and S.D.P.'s board of directors approved of the sale in December of 1996, just one month before Wife filed a petition for divorce. At the time of the transfer, each of the shares of stock were worth approximately $80,-000, an amount that is clearly not de minimis. *See Bartley,* 712 N.E.2d at 543–544 (affirming trial court's finding that husband had dissipated marital assets where husband spent approximately $21,000 on gambling and personal investments).

■ The final consideration is Husband's intent at the time of the transfer. Husband argues that there is no evidence that he transferred the stocks with the intention to deny Wife of their value. Initially, we note that the intent of the transferor is not the sole factor in determining whether marital property was dissipated or disposed of, but is only a relevant consideration, along with the others listed above. *See Coyle,* 671 N.E.2d at 943. Nevertheless, the record supports a finding that Husband knew that Wife was contemplating filing a divorce petition at the time he transferred the stocks to his relatives to hide or divert them. Wife had previously indicated that she intended to divorce Husband after their children turned eighteen, providing an indication that the parties' marriage was unstable. Furthermore, Husband transferred his shares in exchange for one dollar per share, which is insufficient consideration in light of the valuation of the shares at $80,000 each. Finally, the parties had physically fought immediately prior to Husband's transfer of his stock, and wife had to seek medical treatment for her injuries. All of these factors reasonably permitted the trial court to infer that Husband had some apprehension that Wife would file for divorce, thereby giving him an incentive to transfer his shares of stock to his sister and brother-in-law.

Accordingly, the record supports the argument that Husband dissipated a valuable marital asset. *See In re Marriage of Bartley,* 712 N.E.2d 537, 543–544 (Ind.Ct. App.1999) (affirming trial court's finding that husband had dissipated marital assets where husband spent most of his income on personal expenditures rather than for purposes related to the marriage); *Stutz v. Stutz,* 556 N.E.2d 1346, 1349 (Ind.Ct.App. 1990) (affirming trial court's finding that wife had dissipated assets where record showed only that she had spent marital assets profligately to the detriment of marital finances). Moreover, Husband's dissipation of marital assets supports the trial court's finding that Husband transferred the stock with the purpose of depriving Wife of their value. *See Bartley,* 712 N.E.2d at 543–544 (affirming trial court's judgment on grounds of dissipation where trial court found that husband's expenditures deprived the family of a large part of his income). Therefore, we affirm the judgment of the trial court on this issue. *See Scott,* 668 N.E.2d at 695.

## II.

The second issue is whether the trial court erred when it granted Wife a monetary judgment against Husband to compensate her for Husband's improper transfer of the parties' shares of stock prior to her filing for divorce. Husband argues that Ind.Code § 31–15–7–5 only permitted the trial court to consider his dissipation of marital assets in dividing up the property in the marital estate at the time Wife filed her petition for divorce, and that it was improper for the trial court to grant a monetary judgment to Wife to reflect the value of the shares because they were not part of the marital estate.

In the case of *In re Marriage of McManama*, the trial court divided a couple's marital property and awarded a monetary judgment to the wife "[i]n furtherance of this property disposition, and in recognition of the Wife's contribution as a homemaker, as well as her contribution, by way of employment, to the satisfaction of liabilities during the course of the marriage, and contributions toward the legal education of the Husband." *In re Marriage of McManama*, 272 Ind. 483, 485, 399 N.E.2d 371, 372 (Ind.1980). Our supreme court, interpreting an earlier but identical version of I.C. § 31–15–7–5, reversed the trial court's judgment. *Id.* at 487, 399 N.E.2d at 373. The court noted that a party's dissipation of marital assets only affects the distribution of marital property in which the parties possess a present vested interest at the time of dissolution. *Id.* Therefore, the court concluded, because the monetary judgment granted to the wife was above the total value of the parties' marital property, and the judgment was in effect an award of part of the husband's future income, that the award was a transfer of marital property in which no present vested interest existed and was an abuse of discretion. *Id. See also Coyle*, 671 N.E.2d at 946 (relying on *McManama*, 272 Ind. at 485, 399 N.E.2d at 372). A property division under I.C. § 31–15–7–5 cannot exceed the value of the marital assets without being considered an improper form of maintenance and an abuse of discretion. *See In re Marriage of Sloss*, 526 N.E.2d 1036, 1038 (Ind.Ct.App.1988) (discussing earlier but identical version of statute).

In this case, the same problem arises in a different form. Under Ind. Code § 31–15–7–4, a marital estate subject to division includes property acquired by either spouse "prior to final separation of the parties." Final separation refers to the date of filing of the petition for dissolution of marriage. *Harris v. Harris*, 690 N.E.2d 742, 745 (Ind.Ct.App.1998). Here, Husband acquired the shares of stock during the parties' marriage but sold them prior to the filing of the petition for divorce.[1] Therefore, the shares of stock were not part of the marital estate at the time the petition was filed, and their value was not subject to distribution as marital assets. *See id.* (holding that husband's pension plan was properly excluded from the marital estate). Furthermore, an examination of the marital estate reveals that the judgment granted to Wife exceeds the value of the portion of marital property that was awarded to Wife.[2] Therefore, Wife's monetary judgment was not based

---

1. Wife asserts that there is evidence in the record that demonstrates that husband did not transfer his shares to his sister and brother-in-law until after he was served with a copy of Wife's petition for divorce in late January, 1997. However, the trial court clearly found that Husband had transferred the shares before Wife filed her petition, stating that he "transferred these shares in *late 1996*," and that he did so "in close proximity to the filing of the dissolution petition...." Record, p. 22 (emphasis added). There is evidence in the record to support the court's finding. Selena and Drury Hall both testified that Husband transferred the stock to them in October 1996, and Drury Hall stated that the S.D.P. Board of Directors approved of the sale no later than December, 1996. Therefore, Wife's assertion amounts to a request to reweigh the evidence, which we cannot do. *Coyle*, 671 N.E.2d at 942.

2. Wife's share of the marital estate consists of an $18,500 payment from Husband for Wife's share of the equity in the marital real estate (which was awarded to Husband), some fur-

upon an award of marital property but was instead an award to compensate Wife for the loss of the shares of S.D.P. stock. The monetary judgment disregards the principle that "a trial court may not compensate a party for pre-separation dissipation," and the award of that judgment was an abuse of discretion. *Sloss,* 526 N.E.2d at 1040; *see also McManama,* 272 Ind. at 487, 399 N.E.2d at 373. Consequently, we must reverse the judgment of the trial court on this point. *See McManama,* 272 Ind. at 487, 399 N.E.2d at 373. ·

We are mindful of the result in this case. The trial court properly found that Husband transferred his shares of S.D.P. to his sister and brother-in-law with the purpose of preventing Wife from realizing any gain from the shares, and our holding that the trial court improperly granted a judgment to Wife appears to allow Husband to escape the consequences of his dissipation. However, rather than stipulate to the division of the parties' real and personal property at the hearing, Wife could have sought to receive a larger portion of the marital estate in light of Husband's dissipation of the shares of stock. *See, e.g., Sloss,* 526 N.E.2d at 1039 (affirming a trial court's award to wife of net assets worth $32,575.96 and its award to husband of a net liability of $103,509 due to husband's dissipation); *Planert v. Planert,* 478 N.E.2d 1251, 1253–1254 (Ind.Ct.App.1985) (affirming a trial court's division of property which granted the parties' home, their personal property and their car to wife, but only granted the parties' cemetery plots to husband due to his dissipation of marital assets). Furthermore, if Wife wished to include the value of the stock in

the marital assets, she could have filed an equitable action against Husband and the Halls to seek rescission of the stock transfer. *See, e.g., Otte v. Otte,* 655 N.E.2d 76, 82 (Ind.Ct.App.1995), *reh'g denied, trans. denied* (affirming a trial court's judgment that defendants fraudulently conveyed their farm to family members to avoid a foreclosure action and rescinding the conveyance).

For the foregoing reasons, we affirm the judgment of the trial court with respect to its finding that Husband had sold the shares of stock to prevent Wife from realizing an interest in them. We reverse the judgment of the trial court with respect to its grant of a monetary award to Wife, and we remand the case with instructions to reconsider the property settlement.[3]

Affirmed in part and reversed in part.

RILEY, J., and KIRSCH, J. concur.

---

niture, a van, and the benefits of her pension plan, which are worth $2,137.00. While no evidence was presented on the value of the furniture and the van, it is unlikely that Wife's share of the estate is worth more than $80,-000.

**3.** Husband contends that we should remand this case to the trial court with instructions to merely delete the monetary judgment from the trial court's findings and conclusions. However, the trial court awarded the judgment to Wife as a means of "equaliz[ing] the

division of marital property," not as a separate aspect of the parties' dispute. Record, p. 22. Because the monetary judgment was an intrinsic part of the trial court's division of the entire marital estate, a redetermination of the property settlement is necessary. *See Axsom v. Axsom,* 565 N.E.2d 1097, 1101 (Ind.Ct. App.1991) (reversing a trial court's valuation of a marital asset and remanding for a redetermination of the entire property settlement in light of the reversal).