## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 28 2016, 5:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Carmel, Indiana

ATTORNEY FOR APPELLEE

Aaron E. McCrea
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shravan Vudumu,

*Appellant-Petitioner,*

v.

Namratha Meesala,

*Appellee-Respondent.*

October 28, 2016

Court of Appeals Case No.
03A05-1512-DR-2375

Appeal from the Bartholomew
Superior Court.
The Honorable James D. Worton,
Judge.
Cause No. 03D01-1412-DR-5764

**Garrard, Senior Judge**

[1] Shravan Vudumu (Husband) appeals the trial court's division of assets upon the dissolution of his marriage to Namratha Meesala (Wife). We affirm in part, reverse in part, and remand.

[2] Husband and Wife were married on February 15, 2013. On December 18, 2014, Husband filed a petition for dissolution. On October 16, 2015, the trial

court conducted a final hearing. On October 29, 2015, the court entered its findings of fact, conclusions thereon, and dissolution decree. In its decree, the court dissolved the marriage, identified certain assets as part of the marital estate, excluded other assets from the marital estate, and ordered a 60/40 division of the parties' assets in favor of Husband. Husband filed a motion to correct error that was denied by the trial court. He now appeals.

[3] Husband presents three issues for our review, which we restate as:

> I. Whether the trial court abused its discretion by excluding certain assets from the marital estate.
>
> II. Whether the trial court erred in valuing the wedding jewelry.
>
> III. Whether the trial court erred in ordering an equalization payment to Wife.

[4] The determination of the division of marital property lies within the sound discretion of the trial court, and we will reverse the trial court's decision only upon an abuse of that discretion. *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Antonacopulos v. Antonacopulos*, 753 N.E.2d 759, 760 (Ind. Ct. App. 2001). In reviewing the trial court's decision, we may not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the judgment of the trial court. *DeSalle*, 818 N.E.2d at 44. Further, a party challenging the division of assets must overcome the strong presumption that the court considered and complied with the statutory guidelines. *Hatten v.*

*Hatten*, 825 N.E.2d 791, 794 (Ind. Ct. App. 2005), *adhered to on reh'g* (Apr. 20, 2005), *trans. denied*. This presumption is one of the strongest presumptions on appeal. *Id*; *cf. In re Marriage of Marek*, 47 N.E.3d 1283, 1288-89 (Ind. Ct. App. 2016), *trans. denied*. Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *DeSalle,* 818 N.E.2d at 44.

[5] Here, the trial court made special findings of fact and conclusions.[1] When the trial court enters findings of fact and conclusions thereon, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings and, second, whether the findings support the judgment. *S.C. Nestel, Inc. v. Future Const., Inc.*, 836 N.E.2d 445, 449 (Ind. Ct. App. 2005). The trial court's findings and conclusions will be set aside only if they are clearly erroneous. *Id.* We will find clear error if there is no evidence to support the findings or if the findings fail to support the judgment. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 518 (Ind. Ct. App. 2000). In determining whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *Id.* Moreover, we will not reweigh the evidence or assess witness credibility. *S.C. Nestel, Inc.,* 836 N.E.2d at 449.

---

[1] *See* Indiana Trial Rule 52(A).

## I.

Husband first contends that the trial court abused its discretion by excluding from the marital estate a $15,673.16 gift (in the form of a check) from Wife's father to Wife, and an apartment valued at $16,000.00 that Wife purchased, using the gift. Wife concedes that the assets should have been included in the marital estate but argues the two assets should only be counted once because Wife used the gift from her father to purchase the apartment. Wife also argues the error in excluding the assets is harmless.

In determining the value of the marital estate, the trial court is required to include property owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4 (1997). While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration as to how the marital estate should be divided. *Thompson v. Thompson,* 811 N.E.2d 888, 914 (Ind. Ct. App. 2004), *trans. denied.*

During the marriage, Wife received the $15,673.16 gift from her father and then purchased the apartment. Therefore, the gift and the value of the apartment should have been included in the marital estate and considered by the court when it determined the division of the property. The exclusion of the assets from the marital estate causes the actual property distribution to deviate from the trial court's stated 60/40 division. The trial court erred in excluding the assets and this error is not harmless. We remand this cause to the trial court for

inclusion of Wife's assets in the marital estate. The inclusion of the assets may necessitate an adjustment by the trial court in the division of the marital estate.

[9] Regarding Wife's argument that the gift and the value of the apartment should only be counted once, we agree. Evidence was presented that Wife used the gift to purchase the apartment. *Cf. Everette v. Everette*, 841 N.E.2d 210, 214 (Ind. Ct. App. 2006) (trial court's dissolution decree double-counted part of the second mortgage that was taken out on marital residence).[2]

## II.

[10] Husband argues that the trial court erred in valuing Wife's wedding jewelry at $16,500.00.[3] According to Husband, insufficient evidence was presented to support such a valuation, and the trial court abused its discretion in placing this value in the marital estate. Wife did not offer receipts for the jewelry or a professional appraisal of the value of the jewelry. Nevertheless, Wife maintains that the jewelry is worth $16,500.00, and that the trial court properly credited the value of the jewelry to Husband because Husband's family removed the jewelry from Wife.

[11] A trial court has broad discretion in ascertaining the value of property in a dissolution action. *Sanjari v. Sanjari,* 755 N.E.2d 1186, 1191 (Ind. Ct. App.

---

[2] Although we reverse the trial court on this issue, we choose to address Husband's other issues to provide guidance on remand.

[3] Wife's wedding jewelry consisted not only of the jewelry belonging to her, but also jewelry that Wife's family presented to Husband.

2001). We will find no abuse of discretion if the trial court's decision is supported by sufficient evidence and reasonable inferences therefrom. *Id.*

[12] Wife testified that when Husband's mother and father came to visit him from India in October of 2013, Husband's mother removed the jewelry from Husband and Wife's apartment and returned to India with the jewelry. Husband and his mother both testified that Husband's mother did not remove Wife's jewelry. Husband did not offer an alternative valuation for the jewelry, but instead testified that there was no wedding jewelry.

[13] At trial, Wife offered photographs taken of the jewelry on her wedding day. One of the photographs appeared to show Wife wearing jewelry at her wedding. The photographs were admitted into evidence by stipulation. During her testimony, Wife described the jewelry. She testified that her wedding jewelry was worth $10,000.00, that the jewelry her family presented to Husband was worth $6,500, and that the total value of all of the wedding jewelry was $16,500.00.

[14] In its findings and conclusions relevant to the jewelry, the trial court found: "Wife claims that wedding jewelry valued at $16,500.00 was taken back to India by Husband's parents. Husband denies that there was any jewelry at the wedding, and his mother testified that she did not remove or take any jewelry back to India." Appellant's App. p. 14. The court concluded: "The Court does not find the Petitioner nor the evidence or witness he presented credible regarding the jewelry. The court finds the Respondent and her supporting

evidence as credible and will include the $16,500 in the marital spreadsheet."
*Id.* at 15. We find that Wife presented sufficient evidence of the jewelry's value, and the trial court was within its discretion to credit her testimony in determining the jewelry was worth $16,500.00.

### III.

[15] Husband argues the trial court erred when it ordered him to pay Wife an equalization payment of $48,434.31.

[16] Subject to the statutory presumption that an equal distribution of assets is just and reasonable, the division of marital property is committed to the sound discretion of the trial court. *Simpson v. Simpson,* 650 N.E.2d 333, 335 (Ind. Ct. App. 1995). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* On review, we may not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition of marital property. *Id.*

[17] A property equalization payment is intended to achieve an equal division of property. *Webb v. Schleutker*, 891 N.E.2d 1144, 1156 (Ind. Ct. App. 2008). In ordering a property equalization payment, the court divides marital assets by "setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper." Ind. Code § 31-15-7-4(b)(2) (1997).

[18] During the parties' marriage, and without Wife's knowledge, Husband transferred $75,388.36 from his credit union account in Columbus, Indiana, to a bank account in India. Husband claimed the funds were sent to pay debts he owed and to provide monetary assistance to his family. Admittedly, the account was in Husband's name. Wife contended that Husband was attempting to hide marital assets and that the transferred funds should be included in the marital estate. In its findings and conclusions, the trial court determined that Husband was "uncooperative with the discovery process" related to his bank records in India, and that the funds were sent to India in an attempt "to hide assets from [Wife] and the Court." Appellant's App. pp. 15, 16. The trial court included the $75,388.36 in the marital estate, credited the amount to Husband, ordered a 60/40 division of the marital estate in favor of Husband, and directed Husband to pay an equalization payment to Wife.

[19] Husband contends the trial court abused its discretion in ordering the payment because the payment amounted to a property division that exceeded the value of the marital assets and compensated Wife for pre-separation dissipation of property. While it is well-settled that a trial court may not compensate a party for pre-separation dissipation of property, *see In re Marriage of McManama*, 272 Ind. 483, 486-87, 399 N.E.2d 371, 373 (1980), this did not occur here.

[20] Here, the trial court determined that the $75,388.36 should be included in the marital estate, concluding that "[t]here is no dispute that the funds were earned [by Husband] in the United States and were in the [Columbus, Indiana,] bank account prior to being transferred to India." Appellant's App. p. 15. The trial

court credited the funds to Husband, and then determined that a 60/40 division of the marital estate in Husband's favor was proper "due to the short duration of the marriage and the fact that the parties only lived together for approximately 7 months . . . ." Appellant's App. p. 16. The court determined that an equalization payment was due from Husband to Wife to accomplish the 60/40 division of the martial estate.

[21] The trial court did not find dissipation on Husband's part; the equalization payment does not compensate Wife for a pre-separation dissipation, as no dissipation was found; and, the payment is not an award of Husband's future income. *Cf. In re Marriage of McManama*, 272 Ind. at 373, 399 N.E.2d at 487 (trial court erred in awarding Wife $3,600.00 from Husband's future income and above total value of marital assets). As such, the trial court did not abuse its discretion in ordering Husband to pay Wife the equalization payment.[4]

[22] For the reasons stated above, we affirm the judgment of the trial court in part, reverse in part, and remand for further proceedings not inconsistent with this opinion.

[23] Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Najam, J., concur.

---

[4] Nothing in this opinion prevents the trial court from reallocating assets or recalculating the equalization payment on remand as deemed necessary to account for the inclusion of either Wife's gift or the value of Wife's apartment in the marital estate.