**Thelma M. NORNES, Appellant–Respondent,**

v.

**Raymond M. NORNES, Appellee–Petitioner.**

No. 46A03–0712–CV–564.

Court of Appeals of Indiana.

April 17, 2008.

## OPINION

KIRSCH, Judge.

Thelma M. Nornes ("Wife") appeals the trial court's Decree of Dissolution claiming that the trial court abused its discretion in dividing the marital property by requiring her to pay the entirety of her student loan liabilities.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Raymond M. Nornes ("Husband") and Wife were married in September 1998. The parties have no children from the marriage. Husband petitioned for dissolution in September 2006.

At the time of dissolution, Husband earned $31,000.00 a year, and Wife earned $38,000.00 a year. The parties' only major assets were Husband's pension accounts, a Public Employee Retirement Fund ("PERF") account valued at $20,721.00 and a Deferred Benefit Plan ("DBP") valued at $22,438.00.[1] The parties' only major debts were Wife's student loans totaling $46,000.00, which were acquired while she attended Purdue North Central from 1998 to 2005. Ultimately, Wife received her degree.

Prior to the final hearing, the parties stipulated to the division of all of the marital estate except Husband's pension accounts and Wife's student loans. At the final hearing, the parties agreed that Wife should have a judgment against husband for one-half of the value of the pension accounts. Thus, the only remaining dispute regarded Wife's student loans. Wife argued that Husband should assume half the student loans, and Husband argued

William Janes, ELizabeth A. Flynn, Braje, Nelson & Janes, LLP Michigan City, IN, Attorneys for Appellant.

---

1. The parties also had a marital home with little equity and a foreclosure looming. *Appellant's App.* at 6. The parties also had personal property and vehicles. *Id.* at 4–6.

that Wife should be responsible for all of them because she reaped the benefit by receiving the degree.

On September 7, 2007, the trial court entered a decree of dissolution dividing the parties' property. In accordance with the parties' agreement, Husband received his pension accounts, and Wife received a money judgment against Husband for one-half of their value. The trial court held that Wife was to be responsible and hold Husband harmless for the entire amount of the student loans. Wife now appeals.

## DISCUSSION AND DECISION

■ We first note that Husband did not file a brief. "In such a case, we do not undertake the burden of developing arguments for the appellee, but instead, applying a less stringent standard of review, may reverse the trial court if the appellant establishes [*prima facie* ] error." *Everette v. Everette*, 841 N.E.2d 210, 212 (Ind.Ct. App.2006) (citing *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind.Ct.App.2002)). "[*Prima facie* ] error means, at first sight, on first appearance, or on the face of it." *Id.*

■ The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *J.M. v. N.M.*, 844 N.E.2d 590, 602 (Ind.Ct.App.2006), *trans. denied* (citing *Woods v. Woods*, 788 N.E.2d 897, 900 (Ind.Ct.App.2003)). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. *Id.* (citing *Daugherty v. Daugherty*, 816 N.E.2d 1180, 1187 (Ind.Ct. App.2004)). When we review a challenge to the trial court's division of marital property, we may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of marital property. *Id.*

Pursuant to IC 31–15–7–5, a trial court shall presume that an equal division of the marital property between the parties is just and reasonable. The court may deviate from the statutory presumption of equal distribution if a party presents relevant evidence to show that an equal division would not be just and reasonable. Such evidence may include evidence of: (1) each spouse's contribution to the acquisition of property; (2) acquisition of property through gift or inheritance prior to the marriage; (3) the economic circumstances of each spouse at the time of disposition; (4) each spouse's dissipation or disposition of property during the marriage; and (5) each spouse's earning ability. IC 31–15–7–5; *Chase v. Chase*, 690 N.E.2d 753, 756 (Ind.Ct.App.1998).

■ This case presents a recurring problem for trial and appellate courts, namely, what should be the decisional standard for dividing a part of the marital estate when the parties by agreement have divided the balance. Under Indiana's statutory scheme for property division, a trial court is directed to divide the entirety of the marital estate utilizing the statutory factors (earnings, earnings ability, contribution, etc.) and begin with the presumption that a fifty/fifty split is just and reasonable. *See* IC 31–15–7–5. Where, as here, the parties divided a substantial part of the marital estate, a number of questions arise: How does the court divide the balance? How does the court know the parties' division was fair and reasonable? Was it equal? Was it based on the statutory factors? If the trial court makes an unequal division of the remainder, is it contrary to the statutory presumption? If the parties' division was unequal, should the trial court attempt to equalize it by the division of the remaining assets? How can a court do so in the absence of competent evidence of the value of the assets and liabilities divided by the parties? If a

court requires competent evidence of the value of the assets and liabilities divided by the parties, doesn't that undermine the settlement and subject the parties to the expenses that they were trying to avoid by their agreement?

▮ We hold that, *in the absence of an agreement of the parties to the contrary*, where the parties divide between themselves a part of the marital estate and leave the division of the balance to the discretion of the trial court, the trial court should assume that the property that the parties have already divided was divided justly and reasonably and shall divide the remainder of the assets and liabilities of the parties as if they were the entirety of the marital estate. Thus, it should first determine if the fifty/fifty presumption should be applied. If so, it should divide the remainder of the assets and liabilities equally. If the presumption is not to be applied, the court should apply the statutory factors to determine the percentage that each party should receive and divide the remainder accordingly. By doing so, the parties will maximize the value of their settlement and the trial court will have a basis for its property division that conforms to the statute.

▮ Here, the Wife's student loans were marital obligations. The trial court erred by assigning the Wife's student loans on the basis that Wife has the degree and she should now pay for it. While tying debts to respective assets may be appropriate in some property divisions (as where a trial court assigns the marital real estate to one party subject to the mortgage liability thereon), a degree is not an asset.[2] *See Roberts v. Roberts*, 670 N.E.2d 72, 76–77 (Ind.Ct.App.1996), *trans. denied; Prenatt v. Stevens*, 598 N.E.2d 616, 620 (Ind.Ct.App.1992), *trans. denied; see also*

*In re Marriage of McManama*, 272 Ind. 483, 399 N.E.2d 371, 372 (1980).

Accordingly, we vacate the trial court's entry as to Wife's student loans and remand with instructions to divide the loans in accordance with this decision. We instruct the trial court to determine whether the fifty/fifty presumption should be applied or whether another division is reasonable and then to divide Wife's student debt between the parties in accordance with that division.

Reversed and remanded with instructions.

RILEY, J., and MAY, J., concur.

---

**2.** This is not to say that a trial court may not give due consideration to the effect that the degree may have in determining the earnings

ability of the party holding the degree. *See* IC 31–15–7–5(5).