**Bruce R. SMITH, Appellant–Petitioner,**

v.

**Morgan L. SMITH, Appellee–Respondent.**

No. 02A03–1005–DR–276.

Court of Appeals of Indiana.

Dec. 20, 2010.

---

Daniel J. Borgmann, Helmke Beams LLP, Fort Wayne, IN, Attorney for Appellant.

Katherine E. Pollock, Lebanon, IN, Sherie L. Hampshire, Hampshire & Associates, P.C., Fort Wayne, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Bruce R. Smith ("Bruce") appeals from the trial court's division of marital property in the dissolution of his marriage to Morgan L. Smith ("Morgan"). Bruce raises the following restated issue: Whether the trial court abused its discretion in the division of the marital estate.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Bruce and Morgan had been married for twenty years when Bruce filed a petition for dissolution of marriage. Three children were born of the marriage, and the child support and custody of those children is not the subject of this appeal. At issue here is the trial court's order dividing the marital assets. While Bruce does not contest the trial court's determination of the assets, liabilities and their respective values, he does challenge the trial court's division of the marital pot.

During the bench trial, there was no evidence of gifted or inherited property. There was testimony that the total marital assets were $45,830.00 and the total marital debt was $39,367.00, making the value of the net marital estate $6,463.00. Bruce earned, or was capable of earning, a weekly gross income of $1,301.00, and Morgan earned, or was capable of earning, a weekly gross income of $686.00.

The trial court found that Morgan had rebutted the presumption of an equal distribution of the marital estate due to the economic circumstances and earning abilities of the parties. The trial court assigned $19,481.00 in assets to Morgan and $26,349.00 in assets to Bruce. Of the marital debt, $8,040.50 was assigned to Morgan and $31,326.50 was awarded to Bruce. The net award to Morgan was $11,440.50, and the net award to Bruce was -$4,977.50. Although Morgan testified that Bruce had accumulated credit card debt without her knowledge, and that he had withdrawn money from an IRA against her wishes prior to the date of the filing of the petition for dissolution, she also testified that they both used the credit cards for ongoing household expenses and that the debt had accrued over time. The trial court made no finding relating to the issue of dissipation of assets.

Bruce filed a "Motion to Correct Errors and/or Grant Relief," which was denied by the trial court after a hearing was held. Bruce now appeals.

## DISCUSSION AND DECISION

■■■ Generally, when, as here, a trial court enters findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review; first we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Davis v. Davis,* 889 N.E.2d 374, 379 (Ind.Ct.App.2008). In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. *Id.* Those appealing the trial court's judgment must establish that the findings are clearly erroneous. *Id.* Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. *Id.* We do not defer to conclusions of law, however, and evaluate them *de novo. Id.*

■■■ Bruce does not challenge the trial court's decision to deviate from the presumptive equal division of the marital estate. Instead, Bruce argues that the trial court abused its discretion by awarding Morgan more than one hundred percent of the marital estate. We agree.

■■■ The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *Nornes v. Nornes,* 884 N.E.2d 886, 888 (Ind.Ct.App. 2008). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. *Id.* When we review a challenge to the trial court's division of marital property, we may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of marital property. *Id.*

■■■ It is well-established that all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind.Code § 31–15–7–4(a); *Beard v. Beard,* 758 N.E.2d 1019, 1025 (Ind.Ct.App.2001), *trans. denied.* This "one-pot" theory ensures that all assets are subject to the trial court's power to divide and award. *Thompson v. Thompson,* 811 N.E.2d 888, 914 (Ind.Ct.App.2004), *trans. denied.* Marital property also includes both assets and liabilities. *Capehart v. Capehart,* 705 N.E.2d 533, 536 (Ind.Ct.App.1999), *trans. denied.* The trial court has no authority to exclude or set aside marital property but must divide all property. *Moore v. Moore,* 695 N.E.2d 1004, 1010 (Ind.Ct.App. 1998).

■■■ A trial court's discretion in dividing marital property is to be reviewed by considering the division as a whole, not item by item. *Fobar v. Vonderahe,* 771 N.E.2d 57, 59 (Ind.2002). Indiana Code section 31–15–7–4 provides that marital property shall be divided "in a just and reasonable manner." Further, a trial court may deviate from equal division so long as it sets forth a rational basis for its decision. *Hacker v. Hacker,* 659 N.E.2d 1104, 1109 (Ind.Ct.App.1995). Here, the trial court found that Morgan had rebutted the presumption of an equal distribution of the marital estate due to the economic circumstances and earning abilities of the parties.

Both findings made to support a deviation from an equal division of the marital estate appear to be based upon the income or earning capability of the parties even though economic circumstances was also found. The evidence before the trial court established that Bruce earned, or was capable of earning, a weekly gross income of $1,301.00, and Morgan earned, or was capable of earning, a weekly gross income of $686.00. This evidence was sufficient for the trial court to find that a deviation from the presumption of an equal division of the marital estate was justified.

This conclusion, however, does not end our inquiry. Absent a finding of dissipation of assets, a property division cannot exceed the value of the marital assets without being considered an improper form of maintenance and an abuse of discretion.[1] *See Goodman v. Goodman*, 754 N.E.2d 595, 601 (Ind.Ct.App.2001); *see also Pitman v. Pitman*, 721 N.E.2d 260, 266 (Ind.Ct.App.1999); *In re Marriage of*

*Sloss*, 526 N.E.2d 1036, 1038 (Ind.Ct.App. 1988); *In re Marriage of Buntin*, 496 N.E.2d 1351, 1354 (Ind.Ct.App.1986), *trans. denied.*

Here, the trial court's division of the marital estate resulted in a net award to Morgan of $11,440.50 and a net award to Bruce of -$4,977.50. The award to Morgan exceeded the net value of the marital estate and constitutes an abuse of discretion. We remand this matter to the trial court for a just and reasonable division of the marital estate not exceeding the net value of the marital estate.

Reversed and remanded.

RILEY, J., and BAILEY, J., concur.

---

1. The General Assembly has created a narrow exception to this rule for postsecondary education fees. *See* I.C. 31–15–7–6. This exception does not apply here.