**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 10 2013, 9:37 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA KEENER YEAGER**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JON P. McCARTY**
Covington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHERYL A. PAYNE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 23A01-1305-DR-204 |
| | ) | |
| THOMAS L. PAYNE, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE FOUNTAIN CIRCUIT COURT
The Honorable Robert M. Hall, Special Judge
Cause No. 23C01-1202-DR-73

**December 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Petitioner Sheryl A. Payne ("Wife") and Appellee-Respondent Thomas L. Payne ("Husband") were married on November 26, 1982. The parties divorced in November of 1999 but subsequently remarried. On February 21, 2012, Wife again sought to dissolve the parties' marriage. In doing so, Wife requested, among other things, spousal maintenance. On February 12, 2013, the trial court issued an order dissolving the parties' marriage, dividing the parties' assets and debts, and denying Wife's request for spousal maintenance. Wife subsequently filed a motion to correct error, which was denied. Wife appeals from the trial court's denial of her motion to correct error. Concluding that the trial court did not abuse its discretion in denying Wife's motion to correct error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Husband and Wife have been married to each other twice. Husband and Wife were initially married on November 26, 1982. The parties divorced in November of 1999 but subsequently remarried. On February 21, 2012, Wife again sought to dissolve the parties' marriage.

On October 5, 2012, the trial court conducted an evidentiary hearing on Wife's dissolution petition, during which the trial court heard testimony from both Husband and Wife regarding their financial positions. At the time of the evidentiary hearing, Husband had been employed as a truck driver for Federal Express for approximately nine years. Husband earned a net monthly income of approximately $4000.00 and had regular monthly expenses of approximately $3950.00. In addition to ordinary living expenses, Husband's monthly

expenses included post-secondary education expenses for the parties' daughter, medical expenses for Husband and the parties' daughter, and credit card payments for debt incurred for family expenses during the parties' marriage.

With respect to Wife, at the time of the evidentiary hearing, Wife was not working but received $998.00 in disability benefits from the Social Security Administration. In addition to this monthly award, Wife was awarded a $14,000.00 lump sum payment, which represented Wife's lost income from January 1, 2010, to the date of payment in January of 2012. Wife claimed that she did not contribute any of this lump sum payment to household expenses because she was "getting ready to leave" for Florida where she planned to reside with or near her mother. Tr. p. 47. Wife filed for dissolution three weeks after receiving this lump payment. Wife included an estimate of the living expenses that she claimed she would incur once she moved to Florida. The $1735.00 monthly estimate included $650.00 in rent, $205.00 in cable and utilities, $240.00 in automobile expenses, $320.00 in groceries, $200.00 in cigarettes, $20.00 in dog food, and $50.00 in pharmacy expenses. Wife acknowledged, however, that these claimed expenses merely represented an estimate and that she could not provide a list of actual monthly expenses. Wife also acknowledged that she planned to reside with her mother, at least temporarily, once she moved to Florida.

On February 12, 2013, the trial court issued a dissolution decree in which it divided the marital estate. In this decree, the trial court awarded Wife (1) a 1998 Jeep Cherokee, subject to the indebtedness thereon; (2) all of the personal property requested by Wife during the evidentiary hearing, including a pop-up trailer; (3) the proceeds of any bank accounts in

3

Wife's name; (4) half of Husband's 401(k) retirement account; and (5) the full lump sum disability payment that she received in January of 2012. The trial court ordered that Wife shall hold Husband harmless on the debt associated with Wife's vehicle.

The trial court awarded Husband (1) the marital residence, subject to the indebtedness thereon;[1] (2) a 1997 Nissan Altima automobile; (3) the remaining personal property that was not included in Wife's requested personal property; (4) the proceeds of any bank accounts in Husband's name; (5) the proceeds of Husband's FedEx PPA account; and (6) the remaining half of Husband's 401(k) retirement account. The trial court ordered that Husband shall hold Wife harmless on the debt associated with the marital residence. In addition, the trial court ordered Husband responsible for virtually all of the marital debt, including (1) approximately $28,000.00 in college loans for the parties' daughter; (2) approximately $24,000.00 in credit card debt incurred during the marriage; (3) approximately $5500.00 for all of Wife's outstanding medical bills through the date of October 5, 2012; (4) all medical bills for the parties' daughter; and (5) the outstanding Edward's Heating & Cooling bill. The trial court also ordered Husband to pay $3950.00 of Wife's attorney's fees and denied Wife's request for spousal maintenance.

On March 11, 2013, Wife filed a motion to correct error in which she alleged that the trial court erroneously denied her request for spousal maintenance. The trial court denied Wife's motion to correct error on April 11, 2013. This appeal follows.

**DISCUSSION AND DECISION**

---

[1] At the time of the evidentiary hearing, the marital residence had negative equity in excess of $7000.00.

Initially, we note that Wife appeals following the denial of her motion to correct error.

> A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. *Volunteers of America v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. *Id.* The trial court's decision comes to us cloaked in a presumption of correctness, and the appellant has the burden of proving that the trial court abused its discretion. *Id.* In making our determination, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

*Jones v. Jones*, 866 N.E.2d 812, 814 (Ind. Ct. App. 2007).

Upon reviewing a motion to correct error, this court also considers the standard of review for the underlying ruling. *Life v. F.C. Tucker Co., Inc.*, 948 N.E.2d 346, 349 (Ind. Ct. App. 2011) (citing *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1234 (Ind. Ct. App. 2007)). Here, with respect to the issue of spousal maintenance, the trial court concluded that an award of spousal maintenance was not warranted. The trial court supported its conclusion by making a number of findings regarding Wife's ability to support herself.

> When a trial court enters findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review. First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Smith v. Smith*, 938 N.E.2d 857, 860 (Ind. Ct. App. 2010). In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. *Id.* Those appealing the trial court's judgment must establish that the findings are clearly erroneous. *Id.* Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not defer to conclusions of law, however, and evaluate them de novo. *Id.*

5

*Clokey v. Bosley Clokey*, 956 N.E.2d 714, 718 (Ind. Ct. App. 2011).

## I. Denial of Wife's Request for Spousal Maintenance

Wife contends that the trial court abused its discretion in denying her request for spousal maintenance. Specifically, Wife claims that she was entitled to an award of spousal maintenance because she is disabled and is unable to work due to her incapacity. The occasions under which a trial court may order spousal maintenance payments are limited. *Id*. (citing *Marriage of Erwin*, 840 N.E.2d 385, 390 (Ind. Ct. App. 2006)). One circumstance, which is referred to as "incapacity maintenance," is illustrated in Indiana Code section 31-15-7-2(1), which provides:

> If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

Stated another way, "[t]he trial court may make an award of spousal maintenance upon the finding that a spouse's self-supporting ability is materially impaired." *Bizik v. Bizik*, 753 N.E.2d 762, 768 (Ind. Ct. App. 2001) (citing *Fuehrer v. Fuehrer*, 651 N.E.2d 1171, 1174 (Ind. Ct. App. 1995), *trans. denied*).

> The trial court's power to make an award of maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. [*Fuehrer*, 651 N.E.2d at 1174.] However, even if a trial court finds that a spouse's incapacity materially affects her self-supportive ability, a maintenance award is not mandatory. *In re Marriage of Richmond*, 605 N.E.2d 226, 228 (Ind. Ct. App. 1992). Nevertheless, in determining whether a trial court has abused its discretion in a spousal maintenance determination, this court will presume that the trial court properly considered the applicable statutory factors in reaching its decision. *Moore v. Moore*, 695 N.E.2d 1004, 1007 (Ind. Ct. App. 1998). The presumption that the trial court correctly

applied the law in making an award of spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal. *Fuehrer*, 651 N.E.2d at 1174.

*Bizik*, 753 N.E.2d at 768-69.

With regard to Wife's claim for spousal maintenance, the trial court found as follows:

The issue of spousal maintenance is before the court. The court has considered the provisions of IC 31-15-7-2 and finds that spousal maintenance should not be awarded. Wife has been awarded Social Security Disability which is subject to review with there being an indication that the disability may not be permanent. This is also the component that there is a voluntary creation of the inability to work at the present time. The court finds that the burden of proof has not been met to the satisfaction of the court.

Appellant's App. p. 6. Wife claims that the trial court's factual findings relating to its denial of an award of spousal maintenance are not supported by the record. Specifically, Wife argues that the record does not support the finding that her disability may not be permanent. Wife also argues that the record does not support the finding that there is a voluntary component to her current inability to work. We disagree.

### A. Permanent Nature of Disability

In arguing that the trial court erroneously found that her disability may not be permanent, Wife asserts that there is undisputed evidence that she is mentally and physically incapacitated. While it is true that at the time of the dissolution hearing, Wife appeared to be incapacitated, the decision of the Social Security Administration to award Wife disability benefits, which was entered into evidence below, specifically stated that "Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 36 months." Appellant's App. p. 26. The trial court appears to

have relied on the Social Security Administration's determination in finding that Wife's disability may not be permanent, and we conclude that this determination supports the trial court's finding in this regard.

Wife also argues that the trial court abused its discretion in basing its denial of spousal maintenance on the potential temporary nature of her disability because permanency is not a statutory requirement for an award of maintenance following a finding of incapacity. Wife's argument, however, overlooks the clear statutory language stating that the trial court "may" order maintenance upon finding a spouse incapable of self-support, regardless of whether such incapacity is temporary or permanent. This court has held that "[e]ven if a spouse's incapacity materially affects [her] self-supportive ability, an award of maintenance is not mandatory." *Riddle v. Riddle*, 566 N.E.2d 78, 82 (Ind. Ct. App. 1991); *see also* Ind. Code § 31-15-7-2(1); *Bizik*, 753 N.E.2d at 769; *Spivey v. Topper*, 876 N.E.2d 781, 784 (Ind. Ct. App. 2007); *Clokey*, 956 N.E.2d at 718. The trial court considered evidence of Wife's incapacity but determined that an award of spousal maintenance was, nonetheless, not warranted. Wife's argument in this regard amounts to little more than an invitation to reweigh the evidence, which we will not do. *See Clokey*, 956 N.E.2d at 718.

### B. Voluntary Inability to Work

Wife also argues that the trial court erroneously found that there is a voluntary component to her inability to work. Wife claims that her mental and physical impairments were uncontested by Husband and that the trial court "does not elaborate on what voluntary acts [she] might be doing to 'create the inability to work.'" Appellant's Br. p. 17. She

8

asserts that "nothing can be found" in the record to support the inference that she was doing anything to voluntarily create an inability to work. Appellant's Br. p. 20.

Upon review, we observe that despite Wife's assertion to the contrary, the record contains evidence which would tend to support the trial court's finding that there is a voluntary component to Wife's current inability to work. During the evidentiary hearing, Wife testified that she had not worked since sometime in 2010, when she decided not to work while awaiting notification as to whether she would be found to be disabled and consequently eligible to receive disability benefits. Wife's decision not to work, while based in part on her mental and physical incapacities, was a pragmatic decision made by Wife while awaiting notification regarding her disability status. Wife does not point to any substantial change in her status that would eliminate the voluntary component to this decision. As such, Wife's decision indicates a voluntary component to her unemployment.

In addition, in requesting spousal maintenance, Wife listed a $200.00 monthly cigarette expense. Wife acknowledged during the evidentiary hearing that she continued to smoke cigarettes despite the fact that she suffered from high blood pressure, diabetes, COPD, heart problems, asthma, severe emphysema, and other health problems. Wife also acknowledged that smoking was not "good" for her health. Tr. p. 34. Nothing in the record suggests that Wife has tried but has been unable to stop smoking. Instead, the record suggests that Wife merely chose not to. Furthermore, we are unpersuaded by Wife's claim that her smoking habit could or would not adversely affect her employability. Wife's alleged inability to support herself financial was based upon both her mental and physical incapacity.

9

Wife's choice to continue to put her health at risk, arguably furthering her alleged physical incapacity, by continuing to smoke cigarettes also supports a finding that Wife's alleged inability to work had a voluntary component. Again, Wife's argument in this regard amounts to little more than an invitation to reweigh the evidence, which we will not do. *See Clokey*, 956 N.E.2d at 718.

In sum, having concluded that the trial court's findings relating to Wife's request for spousal maintenance were supported by the record, we conclude that the trial court did not abuse its discretion in denying Wife's request for spousal maintenance.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.