**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LARRY J. GREATHOUSE**
North Vernon, Indiana

ATTORNEY FOR APPELLEE:

**MARY E. STROH**
Sharpnack Bigley Stroh & Washburn, LLP
Columbus, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL FARRELL, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 40A01-1307-DR-305 |
| | ) | |
| DEBORAH FARRELL, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE JENNINGS SUPERIOR COURT
The Honorable Gary L. Smith, Judge
Cause No. 40D01-1107-DR-106

**February 27, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Respondent, Paul Farrell (Husband), appeals the trial court's division of the marital estate in its Decree of Dissolution, dissolving Husband's marriage to Appellee-Petitioner, Deborah Farrell (Wife).

We affirm in part and remand in part with instructions.

ISSUE

Husband raises one issue on appeal, which we restate as the following: Whether the trial court abused its discretion in its calculation and division of the marital estate.

FACTS AND PROCEDURAL HISTORY

On December 27, 1999, Husband and Wife were married. For the next eleven-and-a-half years, they resided in North Vernon, Indiana. They separated on June 22, 2011, and on July 1, 2011, Wife filed a petition for dissolution of the marriage.

On March 22, 2013, the trial court conducted the final hearing, which was continued on April 10, 2013. On May 3, 2013, the trial court issued a Decree of Dissolution. In its Decree, the trial court declined Wife's request for spousal maintenance and issued findings of fact and conclusions of law regarding the disposition of the marital estate. The trial court found that the value of the marital assets totaled $472,030. Because Husband owned "almost the entire marital pot . . . prior to the marriage[,]" the trial court awarded him 75% of the marital assets, allocating 25%—or $118,007.50—to Wife. (Appellant's App. p. 16). To execute this division, the trial court specified that Wife was entitled to the pontoon boat and trailer, as well as the personal property already in her possession. Valuing these items at $13,000, the trial court ordered that Husband pay Wife $105,007.50 to satisfy the

2

remainder of her 25% share. Additionally, the trial court found that Wife's outstanding medical bills totaled $143,244.53 and ordered that Husband and Wife "be jointly and severally liable" for payment of this debt. (Appellant's App. p. 12).

On May 29, 2013, Husband filed a motion to correct errors, asserting that the trial court failed to include Wife's medical debt in its calculation of the marital estate. On June 11, 2013, the trial court denied Husband's motion and stated, "The mere fact that the [trial court] chose to split the medical bills 50/50 and the assets 75/25 should not be interpreted as the [trial court] not including the medical bills in the marital pot." (Appellant's App. p. 47).

Husband now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Pursuant to Indiana Trial Rule 52(A), when the trial court issues findings of fact and conclusions of law, we will not set aside the findings or judgment unless clearly erroneous. Our standard of review is two-fold: first, we must determine whether the evidence supports the trial court's findings; second, we must determine whether those findings support the judgment. *Birkhimer v. Birkhimer*, 981 N.E.2d 111, 118 (Ind. Ct. App. 2012), *reh'g denied*. We will find clear error if there is no evidence to support the findings or if the findings fail to support the judgment. *Id.* We do not reweigh the evidence or assess the credibility of witnesses, and we consider all evidence and reasonable inferences most favorable to the trial court's judgment. *Id.* Here, Husband does not challenge the trial

3

court's findings of fact; therefore, our review of the trial court's conclusions of law is *de novo*. *Smith v. Smith*, 938 N.E.2d 857, 860 (Ind. Ct. App. 2010).

## II. *Marital Estate*

Husband first claims that the trial court erred by failing to include the medical bills in calculating Wife's share of the marital estate. In a dissolution, the trial court must first determine what property is to be included in the marital estate and, second, divide the property. *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008). There is a presumption that the marital estate will be divided equally, but the trial court may deviate from this presumption where justified. *Id.* It is well-settled that all property—whether acquired by one or both spouses before or during the marriage or prior to final separation— is included in the "marital pot." *Birkhimer*, 981 N.E.2d at 120. The trial court must divide *all* marital property, which includes both the assets and liabilities. *Id.* The division of marital assets is a matter within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *Perkins v. Harding*, 836 N.E.2d 295, 299 (Ind. Ct. App. 2005).

In this case, the trial court listed all of the assets and Wife's medical liabilities comprising the marital estate. Rather than reducing the value of the assets by the liabilities in order to divide the *net* marital estate, the trial court disposed of the assets and liabilities separately. Straying from the presumption of an equal division, the trial court awarded 75% of the assets to Husband. To effectuate Wife's 25% share, the trial court awarded her $13,000 worth of personal property and ordered Husband to pay her $105,007.50 within ninety days. *See* Ind. Code § 31-15-7-4(b)(2). Also, the trial court directed Husband to

4

pay certain fees, and ordered that both parties "be jointly and severally liable for the medical bills incurred by [Wife] that are outstanding in the amount of [$143,244.53]." (Appellant's App. p. 12).

Husband now argues that if the trial court had properly deducted Wife's medical bills from the marital assets prior to distribution, her 25% share would have been reduced from $118,007.50 to $82,196.37. This court has previously determined that "[t]he trial court is not required to calculate the net liability when making a property distribution." *In re Marriage of Sloss*, 526 N.E.2d 1036, 1040 (Ind. Ct. App. 1988). The law requires only that the trial court distribute the marital assets and liabilities "in a just and reasonable manner." I.C. § 31-15-7-4(b). Here, we find the trial court properly accounted for and divided all of the marital property.

With respect to the trial court's "just and reasonable" allocation of marital property, we first note that the parties do not dispute the trial court's deviation from the presumption that the marital estate should be divided equally between the spouses. *See Smith*, 938 N.E.2d at 860. Moreover, as the value of Husband's share is significantly greater than it would be if the trial court had calculated the net marital estate before distribution, we find Husband's argument to be detrimental to his own interest. Although the value of Wife's share would be significantly higher under a different distribution scheme, Wife does not argue that the trial court's separate consideration of assets and liabilities is unreasonable. In fact, she contends that "[t]he resulting asset and debt distribution was within the trial court's discretion and done properly" in accordance with the statute. (Appellee's Br. p. 4). Thus, we find that the trial court properly included all of the marital assets and liabilities

in the marital pot and acted within its discretion to develop a reasonable "scheme of distribution." *Finley v. Finley*, 422 N.E.2d 289, 298-99 (Ind. Ct. App. 1981), *trans. denied*.

### III. *Joint and Several Liability*

Husband also claims that the trial court erred because "[t]he 'joint and severally liable' language in the Decree" creates uncertainty as to the parties' obligation to pay a specific amount. (Appellant's Br. p. 6). Joint and several liability is defined as

> [l]iability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties.

BLACK'S LAW DICTIONARY 933 (8th ed. 2004). Husband asserts that the trial court's language gives Wife discretion whether to pay her share of the medical debt. We agree.

Indiana has a strong policy in favor of "the finality of marital property divisions" in order "to eliminate vexatious litigation which often accompanies the dissolution of a marriage." *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 461 (Ind. Ct. App. 1993). It would frustrate the purpose of this policy if Husband or Wife was compelled to file a contribution or indemnity action to recover the other spouse's share of the medical debt. Furthermore, the fact that either spouse may be held liable for the entire obligation would upset the trial court's determination that Husband and Wife are entitled to 75% and 25% of the marital assets, respectively. *See Miller v. Miller*, 763 N.E.2d 1009, 1012 (Ind. Ct. App. 2002). Furthermore, in denying Husband's motion to correct error, the trial court clarified its intent "to split the medical bills 50/50." (Appellant's App. p. 47). We therefore remand this matter to the trial court to replace the "jointly and severally liable" language to specify that

6

each spouse must pay half, or $71,622.27, of the medical debt from his or her share of the marital assets.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in the calculation and distribution of the marital estate. We remand with instructions for the trial court to replace the joint and several liability language consistent with its intent that the medical debt be equally divided between the parties.

Affirmed in part and remanded with instructions.

VAIDIK, C. J. and MAY, J. concur