## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 04 2019, 10:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Katherine A. Harmon
Jared S. Sunday
Mallor Grodner LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jonathan R. Deenik
Deenik Law, LLC
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adrian S. Aurs,

*Appellant-Respondent,*

v.

Brooke N. Aurs,

*Appellee-Petitioner.*

March 4, 2019

Court of Appeals Case No.
18A-DR-2194

Appeal from the Marion Superior Court

The Honorable Heather A. Welch, Judge
The Honorable Jeffrey L. Marchal, Magistrate

Trial Court Cause No.
49D01-1511-DR-38849

**Bradford, Judge.**

# Case Summary

[1] Adrian S. Aurs ("Husband") and Brooke N. Aurs ("Wife") were married on July 14, 2007. At all times during the parties' marriage, Husband was employed as a police officer. Wife filed for divorce in November of 2015. Husband's employment was subsequently terminated and he was placed on "retired" status after he was involved in a violent incident at Wife's apartment during which he shot a fellow law-enforcement officer. Husband began receiving monthly pension benefits after the termination of his employment. On August 21, 2018, the trial court issued an order dissolving the parties' marriage and dividing the marital estate. On appeal, Husband challenges the trial court's inclusion of his monthly pension benefits in the marital estate. We affirm.

# Facts and Procedural History

[2] Husband and Wife were married on July 14, 2007. Wife filed for dissolution of the parties' marriage on November 20, 2015. Two children were born during the parties' marriage.[1] Beginning on February 1, 1999, and continuing throughout the parties' marriage, Husband was a police officer employed by the Indianapolis Metropolitan Police Department ("IMPD"). As a benefit of his employment, Husband was a member of the 1977 Police Officers' and

---

[1] Husband does not raise any issues relating to custody or support of the children in the instant appeal.

Firefighters' Pension and Disability Fund ("1977 Fund"). Wife filed for divorce on November 20, 2015.

[3] Husband was placed on unpaid suspension starting July 30, 2016, following a violent incident at Wife's apartment. During this incident, Husband entered Wife's apartment and shot a fellow law-enforcement officer who was responding to a report of a prior domestic incident. The parties' children were present during the incident.

[4] As a result of the incident, Husband was charged with a number of crimes, including attempted murder and Level 6 felony residential entry. On or about February 20, 2018, Husband pled guilty to Level 3 felony aggravated battery and two counts of Level 6 felony pointing a firearm at another. In exchange for Husband's guilty plea, the State agreed to dismiss the attempted murder and residential entry charges. The trial court accepted Husband's guilty plea and imposed an aggregate thirteen-year sentence.

[5] Husband's employment was terminated, he was placed on "retired" status, and his 1977 Fund membership ended on December 15, 2017. At this time, Husband had been employed by IMPD for over seventeen years and had a pension through the 1977 Fund. As of the date of the parties' separation, Husband's pension was valued at $77,459.60. $29,437.28 of this total represented Husband's individual contribution, which he was entitled to receive

regardless of whether his full pension ever became vested.[2]  However, as of the date of the issuance of the parties' divorce decree, Husband was no longer entitled to receive this individual contribution because it was used to fund the 1977 Fund disability pension benefit after Husband, who suffers from diabetes, was found to be disabled pursuant to the terms of the 1977 Fund.  Beginning December 15, 2017, Husband was classified as a disabled retired member of the 1977 Fund and, as a result of his classification, began receiving a $1996.25 monthly pension benefit.

[6]     The trial court conducted a hearing on the division of the parties' marital estate on July 10, 2018.  During this hearing, Husband's counsel conceded that the trial court had to factor Husband's pension benefits into the marital estate.  The parties stipulated that the value of the pension was $204,149.00.[3]  In finding that Wife was entitled to receive fifty percent of Husband's monthly pension benefit, the trial court concluded that Husband's disability pension rights were acquired by the joint efforts of the parties.

## Discussion and Decision

[7]     Husband challenges the trial court's division of the marital estate.  Where, as here, the trial court enters findings of fact and conclusions thereon, "we apply a

---

[2]  Pursuant to the terms of the 1977 Fund, members become vested in their pension benefit after accruing twenty years of service.

[3]  The parties stipulated that the value of the pension would be $204,149.00 "up through age 52" and that the payments would be recalculated once Husband turned fifty-two.  Tr. p. 97.

two-tiered standard of review; first we determine whether the evidence supports the findings, and second, whether the findings support the judgment." *Smith v. Smith*, 938 N.E.2d 857, 860 (Ind. Ct. App. 2010).

> In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Those appealing the trial court's judgment must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not defer to conclusions of law, however, and evaluate them *de novo*.

*Id.* (citations omitted, emphasis in original).

[8] In challenging the trial court's division of the marital estate, Husband argues that the trial court abused its discretion in awarding Wife one-half of what he refers to as his monthly disability income. In an action for the dissolution of a marriage, "the court shall divide the property of the parties whether: (1) owned by either spouse before the marriage; (2) acquired by either spouse in his or her own right: (A) after the marriage; and (B) before final separation of the parties; or (3) acquired by their joint efforts." Ind. Code § 31-15-7-4(a). Property is defined as all of the assets of either party or both parties, including:

> (1) a present right to withdraw pension or retirement benefits;
> (2) the right to receive pension or retirement benefits *that are not forfeited upon termination of employment* or that are vested … but that are payable after the dissolution of marriage; and
> (3) the right to receive disposable retired or retainer pay …

acquired during the marriage that is or may be payable after the dissolution of marriage.

Ind. Code § 31-9-2-98(b) (emphasis added).

[9]     The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. When we review a challenge to the trial court's division of marital property, we may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of marital property.

*Smith*, 938 N.E.2d at 860 (citations omitted).

[10]    It is well-established that all marital property goes into the marital pot for division. *Id.* "This 'one-pot' theory ensures that all assets are subject to the trial court's power to divide and award." *Id.* "The trial court has no authority to exclude or set aside marital property but must divide all property." *Id.*

[11]    Husband asserts that his monthly disability income was intended to replace future income, similar to worker's compensation-type benefits, and, as such, should not have been considered a marital asset. We disagree. Contrary to Husband's assertion, review of the record indicates that Husband's monthly benefits were treated as pension benefits rather than the type of disability benefits described by Husband.

[12] The Indiana Public Retirement System ("INPRS") indicated that according to its records, Husband "is a disabled retired member of the [1977 Fund]" which is administered by INPRS. Ex. p. 105. Husband's membership in the 1977 Fund began on February 1, 1999 and ended on December 14, 2017. Husband "retired with a disability pension benefit on December 15, 2017" and receives a "$1,996.25 gross disability pension benefit per month." Ex. p. 106. Further, to the extent that Husband acknowledges that the $77,459.60 value of his pension on the date Wife initiated divorce proceedings should have been included in the marital estate, as of the date the trial court issued its order, Husband no longer has a member contribution account as his member contribution account balance was used to fund the 1977 disability pension benefit. Given INPRS's classification of the monthly benefits as pension benefits, Husband's status as a disabled retired member of the 1977 Fund, and the fact that Husband did not forfeit his right to receive the monthly pension benefits upon the termination of his employment at IMPD, we conclude that the trial court did not abuse its discretion in treating Husband's monthly pension benefit as pension benefits which were to be included in the marital estate.[4]

[13] Further, to the extent that Husband argues that his pension benefit was acquired of his own right after the parties' separation, we note that the Indiana

---

[4] Given INPRS's classification of the benefits at issue, we are also unpersuaded by Husband's claim that his monthly disability pension rights were more akin to a replacement for future income and were not vested simply because his disability status could be reviewed by INPRS and the monthly payments could be discontinued if he began receiving other payment relating to his employment as a police officer.

Supreme Court stated that "[i]t may be reasonably argued that in many marriages the joint efforts of both spouses are invested so that one of them may earn pension rights." *In re Marriage of Adams*, 535 N.E.2d 124, 127 (Ind. 1989). In *In re Marriage of Adams*, the husband worked as a police officer and accumulated pension eligibility during the parties' marriage. The Indiana Supreme Court concluded that the trial court did not err in including husband's pension in the marital estate, finding

> the evidence sufficient to support the conclusion that the husband's police pension rights were acquired by the joint efforts of the parties and therefore not subject to the 'prior to final separation' limitation. The police pension rights were therefore subject to disposition as marital property, notwithstanding that the pension rights did not become marital 'property' … until after the separation.

*Id.* Applying the Indiana Supreme Court's opinion in *In re Marriage of Adams* to this case, we agree with the trial court's conclusion that the evidence is sufficient to prove that Husband's 1977 Fund pension rights were acquired by the joint efforts of the parties during the course of their marriage.

[14] In addition, even if Husband's monthly pension benefits could have been considered acquired by his own right or disability payments intended to replace future income, Husband has waived his challenge to the inclusion of these benefits in the marital estate by failing to challenge their inclusion below. *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000) ("A party may not raise an issue for the first time … on appeal."). Husband's counsel conceded that the trial court

had to factor Husband's pension benefits into the marital estate. The parties stipulated that the value of the pension was $204,149.00. Husband's attorney did not argue before the trial court that Wife should not receive one-half of the pension benefits.[5] Husband cannot now, for the first time, challenge inclusion of his pension benefits into the marital estate.

[15] For the above-stated reasons, we conclude that the trial court did not abuse its discretion in including Husband's monthly pension benefit in the marital estate.

[16] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.

---

[5] Husband's attorney only argued that the marital balance sheet submitted by Wife seemed to indicate that she was asking for more than fifty percent of the pension benefits. Wife's counsel acknowledged the mistake and amended the request "to do a 50/50 split of [the] pension." Tr. p. 97.