


FILED

Feb 13 2025, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Kevin Fitzgerald,

*Appellant-Respondent*

v.

Sarah O'Brien,

*Appellee-Petitioner*

---

February 13, 2025

Court of Appeals Case No.
24A-DN-200

Appeal from the Johnson Superior Court

The Honorable Peter D. Nugent, Judge

Trial Court Cause No.
41D02-2301-DN-27

---

**Opinion by Judge Pyle**
Judges May and Brown concur.

**Pyle, Judge.**

## Statement of the Case

Kevin Fitzgerald ("Husband") appeals the trial court's division of marital property following the dissolution of his marriage to Sarah O'Brien ("Wife"). Husband argues that the trial court abused its discretion when it divided the marital estate. He specifically contends that the trial court abused its discretion because it awarded Wife more than the net value of the marital estate in contravention of *Smith v. Smith*, 938 N.E.2d 857 (Ind. Ct. App. 2010). Concluding that the trial court abused its discretion, we reverse and remand this case to the trial court for a just and reasonable division of the marital estate not to exceed the net value of the marital estate.

We reverse and remand with instructions.

## Issue

> Whether the trial court abused its discretion when it divided the marital estate.

## Facts

Husband and Wife began dating in 2016. In February 2018, Husband purchased a home ("the home") for $138,000. Husband made a $27,090.55 down payment and secured a $110,400 mortgage. Wife did not contribute to the down payment, and her name was not on the mortgage.

[4] In the fall of 2018, Wife moved into the home and began paying Husband $500 per month for "rent[.]" (Tr. Vol. 2 at 5). Wife understood that her payments to Husband were going towards the "[m]ortgage payment or utility bills. Anything towards the home[.]" (Tr. Vol. 2 at 6). At some point, Wife contributed $2,000 for a bathroom renovation. She also contributed towards the purchase of a water softener.

[5] In September 2021, Husband refinanced the home to get a lower interest rate and to decrease the payment period for the mortgage from thirty to twenty years. As part of the refinancing, an appraiser valued the home at $225,000. Husband's mortgage was $103,200, and Husband paid $3,270.92 in closing costs. Wife did not contribute to the closing costs, and her name is not on the mortgage.

[6] Husband and Wife married in March 2022. At that time, Husband added Wife's name to his checking account so that they could deposit the checks that they had received as wedding gifts. Husband deposited the checks into the account and gave Wife cash for one-half the amount of the checks. Wife did not further use the account. Husband and Wife maintained all of their other assets and debts in their individual names.

[7] Husband and Wife separated in November 2022, and Wife filed a dissolution petition in January 2023. At the time of the filing, Husband's assets included the home, a car, bank accounts, and retirement accounts. Husband's debts included the mortgage, a car lien, and approximately $250,000 in student loans

for his undergraduate and law degrees. Wife's assets included a car, bank accounts, and retirement accounts. Wife's debts included a car lien and student loans. During the marriage, Wife had inherited money from her grandfather's estate and had been able to pay off a large amount of her student loans.

[8] Before the November 2023 dissolution hearing, Husband filed a motion for findings of fact and conclusions thereon. At the hearing, the testimony revealed that Husband is an attorney who works for a state agency. His annual salary is $107,000. Wife is a nurse, and her annual salary is $64,000. Husband and Wife agreed on the value of their assets and debts. They further agreed that the gross value of the marital estate was $387,946, the gross marital debt was $354,088, and the net value of the marital estate was $33,858. Neither party alleged that the other had dissipated assets.

[9] The sole issue for the hearing was the division of the property. Husband asked the trial court to assign to each party his or her assets and debts. He further asked the trial court not to order either party to pay the other an equalization payment. Husband acknowledged that if the trial court followed his requested distribution, Wife would receive more than 100% of the net marital estate, and he agreed that he was "okay" with that. (Tr. Vol. 2 at 33). On the other hand, Wife asked the trial court to award her a $51,337 equalization payment, which she had calculated was one-half of the equity in the home, less Husband's $27,000 down payment.

Following the hearing, Husband and Wife each tendered written findings of fact and conclusions thereon to the trial court. Husband's tendered findings and conclusions included a citation to *Smith*, 938 N.E.2d at 861, and its holding that the trial court abuses its discretion if, in a dissolution action, it awards to one of the parties more than the net value of the marital estate. Wife's tendered findings and conclusions acknowledged that "[i]t [was] not within the powers of [the trial court] to make an award, in this instance of greater than 100% of the net value of the marital estate without it being deemed an improper support award." (App. Vol. 2 at 34). Wife's tendered findings and conclusions further provide as follows: "In as much as a just and reasonable division is possible without being the most just and reasonable division, the Court finds that it is just and reasonable that Husband shall owe to Wife, $26,992.55 which, when combined with the other assets allocated to Wife results in 100% of the net estate." (App. Vol. 2 at 34).

In December 2023, the trial court issued an order awarding Wife the assets in her name and ordering her to be responsible for the debts in her name. The trial court also awarded Husband the assets in his name, including the home, and ordered him to be responsible for the debts in his name.

The trial court's order further provides as follows:

> 21. That the Husband, as an equalization payment, shall pay Wife the sum or $42,234.00 for her share of the equity in the marital residence. This sum represents 40% of the equity in the marital residence after deducting Husband's $27,090.00 down payment. Husband shall pay this sum to

Wife within ninety (90) days of this Decree. Should Husband be unable or unwilling to refinance the marital residence or otherwise pay Wife the sum owed, the marital residence shall he placed on the market for sale, with the proceeds divided per this Decree.

22. That the Court FINDS the Gross marital estate value to be $387,946.00 and the Gross marital debt (including both student loans) to be $354,088.00 for a net marital estate of $33,858.00.

23. That the Court disagrees with the Husband's argument that any award to Wife in excess of $33,858.00 would result in a negative judgment against Husband, which is contrary to law. This is a very brief marriage, with no children. The Husband came into this relationship with a huge amount of debt. To divide the estate and award Husband all of the equity in the marital residence to offset his substantial student loan debt would be unreasonable.

(App. Vol. 2 at 10).

[13] Husband now appeals.

## Decision

[14] Husband argues that the trial court abused its discretion when it divided the marital estate. Husband specifically contends that the trial court abused its discretion when it awarded Wife more than the net value of the marital estate in contravention of *Smith*, 938 N.E.2d at 857. We agree.

[15] At the outset, we note that Wife argues that Husband has waived appellate review of this argument because he failed to raise it to the trial court. *See GKC*

*Indiana Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) (explaining that, as a general rule, a party may not raise an argument to an appellate court unless it raised that argument to the trial court). However, our review of the record reveals that Husband's tendered findings of fact and conclusions thereon include a citation to the *Smith* case and an argument that the trial court abuses its discretion if it awards more than the net value of the marital estate to one of the parties. Indeed, even Wife's tendered findings of fact and conclusions thereon referenced the holding in *Smith* and acknowledged that the trial court did not have the authority to award Wife "greater than 100% of the net value of the marital estate[.]" (App. Vol. 2 at 34). In addition, the trial court's order references Husband's argument and specifically states that the trial court disagreed with it. Husband clearly has not waived appellate review of this argument. We now turn to Husband's argument that the trial court abused its discretion when it awarded Wife more than the net value of the marital estate.

[16] We review a trial court's division of marital assets for an abuse of discretion. *Roetter v. Roetter*, 182 N.E.3d 221, 225 (Ind. 2022). "A trial court abuses its discretion if its decision stands clearly against the logic and effect of the facts or reasonable inferences, if it misinterprets the law, or if it overlooks evidence of applicable statutory factors." *Id*.

[17] Where, as here, the trial court enters findings of fact and conclusions thereon, an appellate court may set aside the trial court's judgment only when it is clearly erroneous. *Id*. The party challenging the trial court's division of marital

property must overcome a strong presumption that the court considered and complied with the applicable statute. *Id.*

[18] The division of marital property involves a two-step process. *Id.* at 226. First, the trial court must identify the property to include in the marital estate. *Id.* at 226-27. The marital property includes both assets and liabilities and encompasses "all marital property," whether acquired by a spouse before or during the marriage or procured by the parties jointly. *Id.* at 227.

[19] After the trial court has identified the marital estate, the trial court must then distribute the property in a "just and reasonable" manner. *Id.* (citing IND. CODE § 31-15-7-5). INDIANA CODE § 31-15-7-5 calls for a presumptive equal division between the parties. *Id.* However, a trial court may deviate from an equal division of property so long as it sets forth a rational basis for its decision. *Smith*, 938 N.E.2d at 860.

[20] In the *Smith* case, the total marital assets were $45,830 and the total marital debt was $39,367, making the value of the net marital estate $6,463. The trial court's net award to the wife was $11,440.50, and the net award to the husband was -$4,977.50. Husband appealed and argued that the trial court had abused its discretion in dividing the marital estate. We concluded that the trial court's determination that a deviation from the presumption of an equal division of the marital estate was justified. *Smith*, 938 N.E.2d at 861. However, we further explained that this conclusion did not end our inquiry. *Id.* Specifically, we explained that "[a]bsent a finding of dissipation of assets, a property division

cannot exceed the value of the marital assets without being considered an improper form of maintenance and an abuse of discretion." *Id*. We concluded that the trial court had abused its discretion because its award to the wife had exceeded the net value of the marital estate. *Id*. Accordingly, we remanded the case to the trial court "for a just and reasonable division of the marital estate not exceeding the net value of the marital estate." *Id*.

[21] Here, Husband and Wife agreed that the gross value of the marital estate was $387,946, the gross marital debt was $354,088, and the net value of the marital estate was $33,858. The trial court's net award to Wife was $42,234, and the net award to Husband was -$8,376. Further, neither party alleged that the other had dissipated assets. Here, as in *Smith*, we conclude that the trial court abused its discretion because its award to Wife exceeded the net value of the marital estate. *See id*. *See also Goodman v. Goodman*, 754 N.E.2d 595, 600-01 (Ind. Ct. App. 2001) (stating that "[a] property division under Indiana Code section 31-15-7-4 . . . cannot exceed the value of marital assets without being considered an improper form of maintenance and an abuse of discretion."), *reh'g denied*; *Pitman v. Pitman*, 721 N.E.2d 260, 266 (Ind. Ct. App. 1999) (stating that "[a] property division under I.C. § 31-15-7-5 cannot exceed the value of the marital assets without being considered an improper form of maintenance and an abuse of discretion."), *trans. denied*; *In re Marriage of Sloss*, 526 N.E.2d 1036, 1038 (Ind. Ct. App. 1988) (discussing an earlier but identical version of the statute). Accordingly, we reverse the trial court's judgment and remand this case to the

trial court for a just and reasonable division of the marital estate not exceeding the net value of the marital estate.[1] *See Smith*, 938 N.E.2d at 861.

[22] Reversed and remanded with instructions.

May, J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Daniel J. Canon
Saeed & Little, LLP
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Heather L. George Myers
Greenwood, Indiana

---

[1] Wife argues that "[p]reviously, this Court held that a party could not be awarded more than 100% of the net marital estate, but in 2022, our Supreme Court established a new test for determining whether the trial court abused its discretion in an unequal division of property." (Wife's Br. 6). In support of this argument, Wife directs us to *Roetter*, 182 N.E.3d at 229, wherein our Indiana Supreme Court stated that "[s]o long as it expressly considers all assets and liabilities, and so long as it offers sufficient findings to rebut the presumptive equal division, a trial court need not follow a rigid, technical formula in dividing the marital estate and we will assume that it applied the law correctly." Wife's reliance on *Roetter* is not persuasive. The issue in *Roetter* was whether the trial court had abused its discretion when it had unequally divided the marital estate. Neither party in *Roetter* argued that the trial court had abused its discretion because it had awarded one of the parties more than the net value of the marital estate. Further, *Roetter* does not mention the *Smith* case. We conclude that *Roetter* neither directly nor indirectly overruled *Smith*'s holding that the trial court abuses its discretion when, in a dissolution action, it awards one of the parties more than the net value of the marital estate.

In addition, Wife argues that although she "continues to maintain no error was made by the trial court, if one was made, it was invited by Husband[.]" (Wife's Br. 16). Under the invited error doctrine, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *D.G. v. S.G.*, 82 N.E.3d 342, 347 (Ind. Ct. App. 2017), *trans. denied*. Wife specifically claims that Husband invited the trial court's error when he "admit[ted] that the property division he requested from the trial court gave Wife more than 100% of the net marital estate." (Wife's Br. 15). However, our review of the record reveals that Husband asked the trial court to award each party his or her assets and debts *with no equalization payment*. The trial court's error resulted from the trial court awarding Wife an equalization payment that was more than the net marital estate. Husband clearly did not invite this error.